# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

———————————

ARCHROMA U.S., INC.,

Plaintiff-Appellee,

v.

DEPARTMENT OF COMMERCE, TEH FONG MIN (TFM) INTERNATIONAL CO, LTD.,

Defendants-Appellants,

INTERNATIONAL TRADE COMMISSION,

Defendant.

———————————

On Appeal from the Court of International Trade, in case no. 22-00354, Judge M. Miller Baker.

———————————

## BRIEF FOR THE DEPARTMENT OF COMMERCE

———————————

*Of Counsel:*

AYAT MUJAIS
*Senior Attorney*

*Office of the Chief Counsel for Trade Enforcement & Compliance*
*U.S. Department of Commerce*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

PATRICA M. McCARTHY
*Director*

FRANKLIN E. WHITE, JR.
GEOFFREY M. LONG
*Attorneys, Commercial Litigation Branch*
*Civil Division, U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 307-0159*

# TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION ...........................................................................1

STATEMENT OF THE ISSUE................................................................................1

STATEMENT OF THE CASE.................................................................................2

I.    Statutory and Regulatory Background................................................................2

II.   Commerce Revokes the Antidumping Duty Orders on Stilbenic Optical
      Brightening Agents From China and Taiwan ...........................................................9

III.  Proceedings in the Court of International Trade .................................................13

SUMMARY OF ARGUMENT...............................................................................16

ARGUMENT ....................................................................................................17

I.    Standard of Review......................................................................................17

II.   The Notice of Intent Requirement Falls Within Commerce's Authority
      to Issue Procedural Regulations .....................................................................18

      A.    The Notice of Intent Is a Straightforward Procedural Filing That
            Places a Minimal Burden on Domestic Interested Parties .......................18

      B.    Commerce Possesses General Authority to Issue Procedural
            Regulations, and Specific Authority as to URAA Implementation .........20

      C.    The Text of § 1675(c)(2) Does Not Limit Commerce's Authority
            to Impose and Enforce This Procedural Requirement.............................25

CONCLUSION ................................................................................................. 26

CERTIFICATE OF COMPLIANCE

ADDENDUM

# TABLE OF AUTHORITIES

**Cases:**

*Canadian Solar Int'l Ltd. v. United States*, 68 F.4th 1267 (Fed. Cir. 2023) ..........................24

*Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 66 F.4th 968 (Fed. Cir. 2023)..................................................................... 4, 22

*Dofasco Inc. v. United States*, 390 F.3d 1370 (Fed. Cir. 2004) ..............................................21

*Dongtai Peak Honey Indus. Co., Ltd. v. United States*, 777 F.3d 1343 (Fed. Cir. 2015) ...........................................................................................................21, 24

*M S Int'l, Inc. v. United States*, 32 F.4th 1145 (Fed. Cir. 2022)........................................21

*McCullough v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819)........................................................26

*Mid Continent Steel & Wire, Inc. v. United States*, 941 F.3d 530 (Fed. Cir. 2019) .................5

*Neenah Foundry Co. v. United States*, 142 F. Supp. 2d 1008 (Ct. Int'l Trade 2001) ...........17

*Nippon Steel Corp. v. United States*, 337 F.3d 1373 (Fed. Cir. 2003) ....................................17

*Panama Ref. Co. v. Ryan*, 293 U.S. 388, 439 (1935) ..............................................................26

*PSC VSMPO–Avisma Corp. v. United States,* 688 F.3d 751 (Fed. Cir. 2012)....................21

*Rimco Inc. v. United States*, 98 F.4th 1046 (Fed. Cir. 2024) .................................................17

*Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) ..............................21

*Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519 (1978)..........20

**Statutes:**

Administrative Procedure Act,
5 U.S.C. § 553(b)(A) .......................................................................................................... 7, 20

Tariff Act of 1930,
19 U.S.C. § 1516a(b)(1)(B)(ii).............................................................................................17
19 U.S.C. § 1581(c) ..............................................................................................................17
19 U.S.C. § 1675(c) ........................................................................................................... 2, 3
19 U.S.C. § 1675(c)(1)(C)......................................................................................................2
19 U.S.C. § 1675(c)(2) ................................................................................................3, 16, 18

19 U.S.C. § 1675(c)(2)-(3) ..................................................................... 14, 15
19 U.S.C. § 1675(c)(2)(A)-(C) ................................................................. 3, 15
19 U.S.C. § 1675(c)(3) ............................................................................... 17
19 U.S.C. § 1675(c)(3)(A) .................................................................... *passim*
19 U.S.C. § 1675(c)(3)(B) ........................................................................ 3, 4
19 U.S.C. § 1675(c)(5)(A) ...................................................................... 3, 23
19 U.S.C. § 1675(d)(2) .................................................................................. 2
19 U.S.C. § 1675a ........................................................................................ 2
19 U.S.C. § 1675a(a)(1) .............................................................................. 11
19 U.S.C. § 1677(4)(B) ............................................................................... 19
19 U.S.C. § 1677(9)(C) ................................................................................. 4
19 U.S.C. § 1677f-1(e) ............................................................................... 22
19 U.S.C. § 1677m ..................................................................................... 22

Uruguay Round Agreements Act, Pub. L. 103-465, § 220(a), 108 Stat. 4809, 4861-63
(1994) .......................................................................................................... 4
19 U.S.C. § 3511(a) ...................................................................................... 4
19 U.S.C. § 3512(d) ...................................................................................... 5
19 U.S.C. § 3513(a)(2) ..................................................................... 6, 21, 22, 26

28 U.S.C. § 1295(a)(5 ................................................................................... 1

**Regulations:**

19 C.F.R. § 201.11(b)(4) ............................................................................. 11

19 C.F.R. § 351.102(17) ............................................................................... 4

19 C.F.R. § 351.102(49) ............................................................................... 2

19 C.F.R. § 351.218(d)(1) ................................................................. 14, 15, 18

19 C.F.R. § 351.218(d)(1)(i) ............................................................... 2, 7, 11

19 C.F.R. § 351.218(d)(1)(ii) ........................................................................ 8

19 C.F.R. § 351.218(d)(1)(ii)(A)-(E) ........................................................... 19

19 C.F.R. § 351.218(d)(1)(iii)(A) .................................................................. 8

19 C.F.R. § 351.218(d)(1)(iii)(B) ............................................................ 9, 13

19 C.F.R. § 351.218(d)(3)(i) .................................................................. 9, 11, 22

19 C.F.R. § 351.218(d)(iii)(A) ..................................................................12

19 C.F.R. § 351.302(c) ...................................................................... 12, 24

19 C.F.R.§ 351.218(d)(3)(ii)(A)-(I) .........................................................9

**Other Authorities:**

*Antidumping Duties; Countervailing Duties*, 62 Fed. Reg. 27,296
    (Dep't of Commerce May 19, 1997) ..................................................6

*Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation;*
    *Advance Notification of Sunset Review*, 87 Fed. Reg. 53,718 (Dep't of
    Commerce Sept. 1, 2022) ................................................................10

Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation*
    *of Legal Texts* (2012) ................................................................ 14, 26

*Certain Stilbenic Optical Brightening Agents from Taiwan: Amended Final*
    *Determination of Sales at Less Than Fair Value and Antidumping Duty*
    *Order*, 77 Fed. Reg. 27,419 (Dep't of Commerce May 10, 2012) ................10

*Certain Stilbenic Optical Brightening Agents from the People's Republic of*
    *China and Taiwan: Continuation of Antidumping Duty Orders*,
    82 Fed. Reg. 55,990 (Dep't Commerce Nov. 27, 2017) .............................10

*Certain Stilbenic Optical Brightening Agents from the People's Republic of*
    *China: Amended Final Determination of Sales at Less Than Fair Value*
    *and Antidumping Duty Order*, 77 Fed. Reg. 27,423 (Dep't of Commerce
    May 10, 2012) ............................................................................10

H.R. Rep. No. 103-316 (1994) ....................................................... 5, 6, 23

H.R. Rep. No. 103-826, pt. 1 (1994) ................................................. 8, 17

*Initiation of Five Year (Sunset) Reviews,* 87 Fed. Reg. 59,779 (Dep't of
    Commerce Oct. 3, 2022) .................................................................10

*Procedures for Conducting Five-year ("Sunset") Reviews of Antidumping and*
    *Countervailing Duty Orders*, 63 Fed. Reg. 13,516 (Dep't of Commerce
    Mar. 20, 1998) ....................................................................6, 7, 8, 20

*Stilbenic Optical Brightening Agents from China and Taiwan: Institution of*
    *Five-Year Reviews,* 87 Fed. Reg. 59,827 (Int'l Trade Comm'n Oct. 3, 2022) ...............11

**STATEMENT OF RELATED CASES**

No other appeal in or from the present civil action has previously been before this or any other appellate court. The government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(b).

## STATEMENT OF JURISDICTION

This Court possesses exclusive jurisdiction to consider an appeal from a final decision of the United States Court of International Trade (CIT). 28 U.S.C. § 1295(a)(5).

## STATEMENT OF THE ISSUE

The Department of Commerce is statutorily required to review an antidumping duty order every five years, to determine whether revocation of a given order would be likely to lead to continuation or recurrence of dumping. Such "sunset reviews" begin with Commerce's publication of a notice of initiation. Any domestic interested party that intends to participate in the sunset review must by regulation file with Commerce a notice of intent to participate, within 15 days of initiation. The notice of intent is a "procedural filing," Appx8, requiring only basic information from the domestic interested party. If a notice of intent to participate is filed by a domestic interested party, then substantive responses must be filed by all interested parties that intend to participate in the review, within 30 days of initiation. But if no domestic interested party files a notice of intent to participate, Commerce's regulations provide that the agency will revoke the order.

In October 2022, Commerce published notices of initiation for two sunset reviews, pertaining to antidumping duty orders covering stilbenic optical brightening agents (OBAs) from China and Taiwan, respectively. Plaintiff-appellee, Archroma U.S., Inc. (Archroma), a domestic interested party, did not file timely notices of intent

to participate; nor did any other domestic interested party. Commerce therefore revoked the two orders, pursuant to its regulations and 19 U.S.C. § 1675(c)(3)(A). Archroma challenged the revocation at the CIT, and the court held that Commerce's regulatory notice of intent requirement, at 19 C.F.R. § 351.218(d)(1)(i), violates § 1675(c)(2)-(3). Appx17.

The question presented is whether, by requiring notices of intent to participate from domestic interested parties, Commerce's regulations contravene the statutory provisions governing the conduct of sunset reviews, set forth at 19 U.S.C. § 1675(c).

## STATEMENT OF THE CASE

## I. Statutory and Regulatory Background

Section 1675(c) of title 19 provides that "5 years after the date of publication of" an antidumping duty order or "a determination under [the] section to continue an [antidumping] order," Commerce and the International Trade Commission (Commission) "shall conduct a review to determine, in accordance with [19 U.S.C. § 1675a], whether revocation of the . . . antidumping duty order . . . would be likely to lead to continuation or recurrence of dumping . . . and of material injury." 19 U.S.C. § 1675(c)(1)(C). Commerce must revoke the order being reviewed, unless (1) Commerce determines that dumping would be likely to continue or recur and (2) the Commission determines that material injury would be likely to continue or recur. *Id.* § 1675(d)(2). Such reviews are referred to as "sunset reviews." *See* 19 C.F.R. § 351.102(49) (defining the term "sunset review" to mean a review pursuant to

2

19 U.S.C. § 1675(c)).  Commerce generally must make its final determination in a sunset review within 240 days of the notice of initiation, or within 120 days if interested parties provide inadequate responses to the notice of initiation.  *See* 19 U.S.C. § 1675(c)(5)(A), *id.* § 1675(c)(3)(B).

With respect to the initiation of a sunset review, § 1675(c)(2) provides that, not later than 30 days before the fifth anniversary of the publication date of a prior continuation order, Commerce shall publish in the *Federal Register* a notice of initiation of a review and request that interested parties submit the following information:

> (A) a statement expressing their willingness to participate in the review by providing information requested by [Commerce] and the Commission,
>
> (B) a statement regarding the likely effects of revocation of the order or termination of the suspended investigation, and
>
> (C) such other information or industry data as [Commerce] or the Commission may specify.

*Id.* § 1675(c)(2)(A)-(C).

The statute requires Commerce to revoke an order if no domestic interested party responds to the notice of initiation under § 1675(c):

> If no interested party responds to the notice of initiation under this subsection, the administering authority shall issue a final determination, within 90 days after the initiation of a review, revoking the order or terminating the suspended investigation to which such notice relates. For purposes of this paragraph, an interested party means a party described in section 1677(9)(C), (D), (E), (F), or (G) of this title.

*Id.* § 1675(c)(3)(A). The cross-referenced provisions of § 1677(9) define "interested party" as, among other things, "a manufacturer, producer, or wholesaler in the United States of a domestic like product." *Id.* § 1677(9)(C). We herein refer to members of these cross-referenced classes as "domestic interested parties." *See* 19 C.F.R. § 351.102(17) (providing the regulatory definition of "domestic interested party").[1]

Section 1675(c) was enacted as part of the Uruguay Round Agreements Act, Pub. L. 103-465, § 220(a), 108 Stat. 4809, 4861-63 (1994) (URAA), which amended the Tariff Act of 1930. Through the URAA, Congress gave effect to a host of agreements arising from the Uruguay Round of international trade negotiations. *See Comm. Overseeing Action for Lumber Int'l Trade Investigations or Negots. v. United States*, 66 F.4th 968, 977 (Fed. Cir. 2023) (*COALITION*) (providing background regarding enactment of the URAA and Commerce's promulgation of implementing regulations).

In the URAA, Congress approved the Statement of Administrative Action (SAA) that was submitted by the President to Congress in advance of URAA enactment. 19 U.S.C. § 3511(a); *see* SAA, H.R. Rep. No. 103-316 (1994), *reprinted at*

---

[1] In addition to § 1675(c)(3)(A) addressing situations where no domestic interested party responds to the notice of initiation, § 1675(c)(3)(B) provides that, where interested parties submit inadequate responses to a notice of initiation, Commerce (within 120 days) or the Commission (within 150 days) may issue, without further investigation, a final determination based on the facts available, in accordance with 19 U.S.C. § 1677e. *See* 19 U.S.C. § 1675(c)(3)(B).

1994 U.S.C.C.A.N. 4040.  Congress has stated that the SAA "shall be regarded as an authoritative expression by the United States concerning the interpretation and application of the Uruguay Round Agreements and [the URAA] in any judicial proceeding in which a question arises concerning such interpretation or application." 19 U.S.C. § 3512(d); *see also Mid Continent Steel & Wire, Inc. v. United States*, 941 F.3d 530, 539 (Fed. Cir. 2019) (recognizing status of SAA as an authoritative expression).

The SAA explains that the sunset review provisions of § 1675(c) "establish[] the procedural and basic substantive rules to be applied by Commerce and the Commission in conducting five-year reviews (*i.e.,* sunset reviews)."  SAA, 1994 U.S.C.C.A.N. at 4206.  The SAA further describes §§ 1675(c)(2) and (c)(3)(A) as follows:

> New section [1675(c)(2)] requires Commerce to publish a notice in the *Federal Register* requesting interested parties to submit: (1) a statement regarding willingness to participate in the review and the likely effect of revocation or termination; and (2) other information specified by Commerce and the Commission such as certain key data regarding sales, prices, imports, and market conditions.  Under new section [1675(c)(3)(A)], if there is no response from domestic interested parties to the notice of initiation, Commerce will revoke the order or terminate the suspended investigation within ninety days of the initiation of the review.

*Id.* The SAA continues on to explain that the intent of § 1675(c)(3) is "to eliminate needless reviews":

> New section [1675(c)(3)] is intended to eliminate needless reviews. This section will promote administrative efficiency and ease the burden on the agencies by eliminating needless reviews while

meeting the requirements of the [Uruguay Round] Agreements. If
parties provide no or inadequate information in response to a
notice of initiation, it is reasonable to conclude that they would
not provide adequate information if the agencies conducted a full-
fledged review. However, when there is sufficient willingness to
participate and adequate indication that parties will submit
information requested throughout the proceeding, the agencies
will conduct a full review.

*Id.*

In addition to the provisions regarding sunset reviews, the URAA authorizes

"appropriate officers of the United States Government" to "issue such regulations[] as

may be necessary to ensure that any provision of [the URAA] . . . that takes effect on

the date any of the Uruguay Round Agreements enters into force with respect to the

United States is appropriately implemented on such date." 19 U.S.C. § 3513(a)(2).

In 1997, Commerce promulgated a final rule for sunset reviews pursuant to

§ 1675(c), at 19 C.F.R. § 351.218. *See Antidumping Duties; Countervailing Duties*, 62 Fed.

Reg. 27,296, 27,397 (Dep't of Commerce May 19, 1997). On March 20, 1998,

Commerce revised and expanded these procedural requirements, in the form of an

interim final rule. *See Procedures for Conducting Five-year ("Sunset") Reviews of Antidumping
and Countervailing Duty Orders*, 63 Fed. Reg. 13,516 (Dep't of Commerce Mar. 20, 1998).

These regulations "address the procedures for participation in, and conduct of, sunset

reviews consistent with the [URAA] and with the legislative history's commitment to

provide further guidance on procedures." *Id.* Commerce also noted that the action

was "a rule of agency procedure," within the meaning of the Administrative Procedure Act, 5 U.S.C. § 553(b)(A).  63 Fed. Reg. at 13,517.

Pursuant to these regulations, "[w]here a domestic interested party intends to participate in a sunset review, the interested party must, not later than 15 days after the date of publication in the Federal Register of the notice of initiation, file a notice of intent to participate in a sunset review with [Commerce]."  19 C.F.R. § 351.218(d)(1)(i).  The notice of intent to participate must include a statement expressing the domestic interested party's intent to participate, with other information:

> *Contents of notice of intent to participate.* Every notice of intent to participate in a sunset review must include a statement expressing the domestic interested party's intent to participate in the sunset review and the following information:
>
> (A) The name, address, and phone number of the domestic interested party (and its members, if applicable) that intends to participate in the sunset review and the statutory basis (under [19 U.S.C. § 1677(9)]) for interested party status;
>
> (B) A statement indicating whether the domestic producer:
>
> (1) Is related to a foreign producer or to a foreign exporter under [19 U.S.C. § 1677(4)(B)]; or
>
> (2) Is an importer of the subject merchandise or is related to such an importer under [19 U.S.C. § 1677(4)(B)];
>
> (C) The name, address, and phone number of legal counsel or other representative, if any;
>
> (D) The subject merchandise and country subject to the sunset review; and

(E) The citation and date of publication in the Federal Register of the notice of initiation.

*Id.* § 351.218(d)(1)(ii).

In implementing this rule, Commerce explained that the notice of intent procedure is intended to eliminate needless reviews and promote administrative efficiency:

> The requirement that domestic interested parties notify the Department of their intention to participate prior to the deadline for submission of substantive responses to both the Department and the International Trade Commission is intended to alleviate the burden on parties of having to prepare substantive responses in cases where there is no domestic party interest. This is because, where there is no domestic party interest in a particular case, the Department, pursuant to section [19 U.S.C. § 1675(c)(3)(A)], automatically will revoke the order or terminate the suspended investigation, as applicable. The Notice of Intent procedure is intended to eliminate needless reviews and promote administrative efficiency, consistent with the explanation in the House Report [accompanying the URAA bill] (H.R. Rep. No. 103-826, pt. 1 (1994)) at 56.

*Procedures for Conducting Five-year ("Sunset") Reviews of Antidumping and Countervailing Duty Orders*, 63 Fed. Reg. at 13,517. Commerce further explained that the agency intended "to make the Notice of Intent procedure as simple as possible and, as a result, the information required to be provided is minimal." *Id.* at 13,517-18.

A domestic interested party that does not file a notice of intent to participate "will be considered not willing to participate in the review and [Commerce] will not accept or consider any unsolicited submissions from that party during the course of the review." 19 C.F.R. § 351.218(d)(1)(iii)(A). Furthermore, if no domestic interested

party files a notice of intent, Commerce will do the following: (1) conclude that no domestic interested party has responded to the notice of initiation under § 1675(c)(3)(A); (2) notify the Commission of such; and (3) not later than 90 days after publication of the notice of initiation, issue a final determination revoking the order. 19 C.F.R. § 351.218(d)(1)(iii)(B).

In addition to the requirement of domestic-party notices of intent to participate, domestic interested parties, and any other interested parties who wish to participate in the sunset review, must also submit substantive responses to the notice of initiation not later than 30 days after the notice of initiation is published. *Id.* § 351.218(d)(3)(i). The substantive response must include, among other things, a statement expressing willingness to participate in the review by providing information requested by Commerce, and a statement regarding the likely effects of revocation of the order or termination of the suspended investigation under review, including any factual information, argument, and reason to support the statement. *See id.* § 351.218(d)(3)(ii)(A)-(I).

## II.  Commerce Revokes the Antidumping Duty Orders on Stilbenic Optical Brightening Agents From China and Taiwan

In 2012, Commerce published two antidumping duty orders covering stilbenic optical brightening agents, from China and Taiwan respectively. *See Certain Stilbenic Optical Brightening Agents from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 77 Fed. Reg. 27,423 (Dep't of

Commerce May 10, 2012); *Certain Stilbenic Optical Brightening Agents from Taiwan: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 77 Fed. Reg. 27,419 (Dep't of Commerce May 10, 2012). Commerce published a continuation of the orders in 2017. *See Certain Stilbenic Optical Brightening Agents from the People's Republic of China and Taiwan: Continuation of Antidumping Duty Orders*, 82 Fed. Reg. 55,990 (Dep't Commerce Nov. 27, 2017).

On September 1, 2022, Commerce published advance notice that the agency was scheduled to initiate sunset reviews for the orders in October 2022. *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Advance Notification of Sunset Review*, 87 Fed. Reg. 53,718 (Dep't of Commerce Sept. 1, 2022). On October 3, 2022, Commerce published a notice of initiation of the sunset reviews for the orders, pursuant to 19 U.S.C. § 1675(c)(2). *See Initiation of Five Year (Sunset) Reviews,* 87 Fed. Reg. 59,779 (Dep't of Commerce Oct. 3, 2022), Appx181-182 (stilbenic OBAs from China), Appx253-254 (stilbenic OBAs from Taiwan).[2] In the notice of initiation, Commerce identified the requirement of a notice of intent to participate and stated, "if we do not receive a notice of intent to participate from at least one domestic

---

[2] The antidumping duty orders pertaining to stilbenic SBAs from China and from Taiwan are part of two separate Commerce proceedings, although sunset reviews for the two orders generally have proceeded in tandem. In this brief, we provide joint appendix citations to both administrative records, although in many instances our parallel citations refer to a single document that has been placed on the record in both Commerce proceedings.

interested party by the 15-day deadline, Commerce will automatically revoke the order without further review." Appx182, Appx254. The 15-day regulatory deadline for interested parties to file notices of intent to participate was October 18, 2022, pursuant to 19 C.F.R. § 351.218(d)(1)(i). The 30-day deadline for substantive responses was November 2, 2022. *See id.* § 351.218(d)(3)(i).

Also on October 3, 2022, the Commission published a notice of institution of its own sunset reviews, focused on material injury. *See Stilbenic Optical Brightening Agents from China and Taiwan: Institution of Five-Year Reviews,* 87 Fed. Reg. 59,827 (Int'l Trade Comm'n Oct. 3, 2022), Appx327-330.[3] Pursuant to the *Commission's* regulations, entries of appearance in response to the Commission's notice of institution were due to the Commission on October 24, 2022. *See* 19 C.F.R. § 201.11(b)(4).

No domestic interested party filed a notice of intent to participate in Commerce's reviews on or before October 18, 2022. On October 24, 2022, Archroma did attempt to file such notices with Commerce. *See* Appx192-193, Appx260-261. On October 28, 2022, Commerce rejected Archroma's untimely filings. Appx192-193, Appx260-261; *see also* Appx199 (Commerce memorandum

---

[3] The Commission in its review must "determine whether revocation of the order . . . would be likely to lead to continuation or recurrence of material injury within a reasonably foreseeable time," considering the likely volume, price effect, and impact of imports of the subject merchandise on domestic producers if the order is revoked. *See* 19 U.S.C. § 1675a(a)(1). Thus, Commerce's sunset reviews focus on whether dumping is likely to continue or recur, while the Commission considers the likely impact of dumping on domestic producers.

instructing that the filings be deleted from the record). Commerce then informed the Commission that, because Commerce did not receive any timely notices of intent to participate, Commerce would revoke the orders within 90 days of initiation. *See* Appx187-188, Appx258-259.

On November 1, 2022, Archroma requested that Commerce accept Archroma's untimely notices of intent to participate in the sunset reviews. Appx194-196, Appx262-264. Also on that date, Archroma attempted to file substantive responses to the notices of initiation. *See* Appx197, Appx265. The next day, Commerce denied Archroma's requests to accept the untimely notices of intent to participate, and also rejected the attempted filing of the substantive responses. *See* Appx197-198, Appx277-278. Commerce explained that deadlines could be extended out of time in extraordinary circumstances, pursuant to 19 C.F.R. § 351.302(c), but that Archroma in seeking to file the notices out of time "provided no explanation . . . and only stated that [it] did not learn that the notices of intent to participate were not filed until October 24, 2022 (after the October 18, 2022, deadline) when a Commerce representative contacted [Archroma]." Appx198, Appx278. These events, Commerce concluded, "[did] not meet the regulatory standard for extraordinary circumstances." Appx198, Appx278.

With respect to Archroma's attempted submission of its substantive responses to the notice of initiation, Commerce explained that pursuant to 19 C.F.R. § 351.218(d)(iii)(A), "when a domestic interested party does not file a notice of intent

to participate in the sunset review, 'the Secretary will not accept or consider any unsolicited submissions from that party during the course of the review.'" Appx198, Appx278.  Accordingly, Commerce stated, "Archroma's substantive response[s] constitute unsolicited submissions, and Commerce is rejecting and removing Archroma's unsolicited [substantive] responses from the records of the . . . sunset reviews." Appx198, Appx278; *see also* Appx199 (Commerce memorandum instructing that the filings be deleted from the record).

Archroma then filed with Commerce requests for reconsideration, which the agency denied.  Appx244-246, Appx322-324.  Commerce proceeded to revoke the antidumping duty orders, on December 29, 2022.  *See Stilbenic Optical Brightening Agents from the People's Republic of China and Taiwan*, 87 Fed. Reg. 80,162 (Dep't of Commerce Dec. 29, 2022), Appx251-252, Appx325-326.  Commerce explained its revocation as follows:

> Because no domestic interested party filed a *timely* notice of intent to participate in these proceedings, consistent with 19 CFR 351.218(d)(1)(iii)(B), we concluded that "no domestic interested party has responded to the notice of initiation under [19 U.S.C. § 1675(c)(3)(A)]." Consequently, Commerce is revoking the Orders.

Appx252, Appx326.

## III.  Proceedings in the Court of International Trade

Archroma filed an action in the Court of International Trade, naming Commerce and the Commission as defendants.  Teh Fong Min (TFM), a Taiwanese

producer and exporter, intervened as a defendant. On May 28, 2024, the CIT granted Archroma's motion for judgment on the agency record, pursuant to Rule 56.2 of the Rules of the Court of International Trade. Appx1-18.

Archroma's primary argument before the CIT had been that Commerce prematurely initiated its review, such that the resulting October 3, 2022, deadline for submission of the notice of intent to participate was unlawful.[4] The CIT did not resolve that argument, and instead directed judgment for Archroma on the grounds that 19 C.F.R. § 351.218(d)(1) "violates" 19 U.S.C. § 1675(c)(2)-(3). Appx17.

The CIT characterized the required notice of intent as a "procedural filing," Appx8, and as a "threadbare document," Appx17, requiring only a "bare-bones statement" of the party's intent to participate in the review and "basic factual details" about the entity. Appx7. Despite the procedural nature of the filing, the CIT held that § 1675(c) precluded Commerce from demanding the notice of intent, based on "the whole text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts." Appx15 (quoting Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012)). The CIT concluded that the canon "resolves this case." Appx15. The court held that § 1675(c)(3)(A) permits Commerce to revoke an order

---

[4] Archroma did not assert to the trial court that Commerce erred by denying Archroma's request to file the notices of intent to participate out of time.

"only if 'no [domestic] interested party responds to the notice of initiation *under this subsection.*'" Appx15 (quoting 19 U.S.C. § 1675(c)(3)(A)) (emphasis CIT's). The court also determined that the preceding subparagraph, namely § 1675(c)(2), "mandates" that Commerce, in the notice of initiation, request that domestic interested parties submit the information called for in the subsection. Appx15-16.

The CIT held that, "[r]eading (c)(2) and (c)(3) together – that is, in context – it's obvious that 'no . . . respon[se] to the notice of initiation under this subsection' in § 1675(c)(3)(A) means no answer to a solicitation for the substantive content that *§ 1675(c)(2)(A)-(C)* instructs the agency to seek." Appx16. Because, in the CIT's view, Archroma "timely responded to Commerce's request for substantive material prescribed by § 1675(c)(2)(A)-(C)," Commerce was obligated "to undertake reviews and allow the company to participate in the ensuing proceedings." Appx16. The court held that "[a]lthough Archroma failed to timely submit a notice of intent to so participate, the statute confers no authority on the agency to revoke a duty order or bar participation based on that omission." Appx16-17.

In sum, the CIT held that

> 19 C.F.R. § 351.218(d)(1) violates 19 U.S.C. § 1675(c)(2)-(3). If Commerce is to revoke a duty order and/or bar a domestic interested party's participation in any sunset review, it must first afford that party the opportunity to submit all the content prescribed by 19 U.S.C. § 1675(c)(2)(A)-(C).

Appx17-18. Thus, the court "grant[ed] Archroma's motion for judgment on the agency record and enjoin[ed] the Department to accept the company's substantive

responses, undertake (together with the Commission) full sunset reviews, and allow the company's participation." Appx18. The court entered judgment, Appx19, and this appeal timely followed.

## SUMMARY OF ARGUMENT

Commerce possesses inherent authority to set procedural requirements in its administrative proceedings, and the agency furthermore is specifically empowered to issue regulations to implement the URAA. The required notice of intent to participate in a sunset review falls well within Commerce's authority. As the Court of International Trade noted, the notice of intent requirement is a procedural rule that demands only minimal information from domestic interested parties. Just as Commerce may establish regulatory deadlines for the submission of substantive responses in sunset reviews, so too may Commerce require, as a procedural predicate to the filing of a substantive response, the provision of basic information by domestic interested parties.

The CIT reached the opposite conclusion based on application of the whole-text canon of statutory interpretation. But 19 U.S.C. § 1675(c)(2), on which the CIT based its holding that Commerce's actions were *ultra vires*, does not diminish or even address Commerce's power to impose procedural requirements to be met *before* a domestic interested party may submit the substantive information called for in Commerce's notice of initiation. The CIT's judgment therefore should be reversed.

# ARGUMENT

## I.   Standard of Review

When reviewing a judgment from the Court of International Trade in an antidumping duty case, this Court "reappl[ies] the statutory standard of review that the Court of International Trade applied in reviewing the administrative record." *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1379 (Fed. Cir. 2003) (citation omitted).  Archroma invoked the CIT's jurisdiction pursuant to 19 U.S.C. § 1581(c), and asserted a claim pursuant to 19 U.S.C. § 1516a(a)(1)(D).  Appx71.[5]  In such actions, the Court "shall hold unlawful any determination, finding, or conclusion found . . . to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(ii); *see Neenah Foundry Co. v. United States*, 142 F. Supp. 2d 1008, 1013 (Ct. Int'l Trade 2001) (explaining that arbitrary-and-capricious review, rather than review for substantial evidence, applies to Commerce's determinations made under 19 U.S.C. § 1675(c)(3), citing H.R. Rep. 103-826, pt. 1, at 57 (1994), *as reprinted in* 1995 U.S.C.C.A.N. 3773).

---

[5] Archroma in its complaint alternatively invoked jurisdiction pursuant to 19 U.S.C. § 1581(i).  Appx71.  But § 1581(i) jurisdiction is unavailable where, as here, there is jurisdiction pursuant to § 1581(c).  *See, e.g.*, *Rimco Inc. v. United States*, 98 F.4th 1046, 1052 (Fed. Cir. 2024).

.

## II. The Notice of Intent Requirement Falls Within Commerce's Authority to Issue Procedural Regulations

### A. The Notice of Intent Is a Straightforward Procedural Filing That Places a Minimal Burden on Domestic Interested Parties

The CIT incorrectly concluded that 19 U.S.C. § 1675(c)(2) precludes Commerce from revoking an antidumping duty order where no domestic interested party files a timely notice of intent to participate, as required by 19 C.F.R. § 351.218(d)(1). Section 1675(c)(3)(A) – the basis for Commerce's revocation – provides that "[i]f no interested party responds to the notice of initiation under this subsection, the administering authority shall issue a final determination . . . revoking the order . . . to which such notice relates." The CIT invoked the "whole-text canon of construction" and concluded that the lack of response referred to in § 1675(c)(3)(A) can only mean no response to the solicitation for substantive content called for by § 1675(c)(2)(A)-(C). Appx16. In the CIT's view, because Archroma "timely responded to Commerce's request for substantive material prescribed by § 1675(c)(2)(A)-(C)" Commerce was required "to undertake reviews and allow the company to participate in the ensuing proceedings." Appx16.

The CIT's conclusion answers the wrong question. Archroma did *attempt* to file substantive responses within the 30 days prescribed by regulation, but Commerce rejected those attempted filings because Archroma had not filed timely notices of intent to participate. *See* Appx198, Appx278. The question here is not, as the CIT's

analysis seems to suppose, whether Commerce may disregard a properly-presented substantive response. Instead, the question is whether Commerce may impose the predicate procedural requirement of a notice of intent to participate, and then revoke an antidumping duty order where no domestic interested party has submitted such a notice of intent.

Commerce may indeed require the notice of intent. As an initial matter, it is important to understand that the requirement places a minimal procedural burden on domestic interested parties. As noted by the CIT, the notice of intent is a "procedural filing." Appx8. The CIT further described it as a "threadbare document," Appx17, requiring only a "bare-bones statement" of the party's intent to participate in the review and "basic factual details" about the entity. Appx7.

The CIT's descriptions are correct, as confirmed by the text of Commerce's regulation. A domestic interested party need only include a statement expressing the party's intent to participate in the sunset review, and then provide basic information such as the entity's contact information, whether the entity is related to a foreign producer or to a foreign exporter under 19 U.S.C. § 1677(4)(B), counsel's contact information, the legal basis for interested party status, and a citation to the notice of initiation to which the domestic interested party is responding. *See* 19 C.F.R. § 351.218(d)(1)(ii)(A)-(E).

The procedural nature of the notice requirement is further demonstrated by Commerce's statements upon issuing the current regulation, in 1998. *See Procedures for*

*Conducting Five-year ("Sunset") Reviews of Antidumping and Countervailing Duty Orders*,

63 Fed. Reg. 13,516 (Dep't of Commerce Mar. 20, 1998). Commerce noted that it

"intend[ed] to make the Notice of Intent procedure as simple as possible and, as a

result, the information required to be provided is minimal." 63 Fed. Reg. at 13,517-

18. It is merely a "procedural requirement[]." *Id.* at 13,517; *see also id.* (Commerce

describes § 351.218(d) as a "a rule of agency procedure," within the meaning of the

Administrative Procedure Act, 5 U.S.C. § 553(b)(A)).

### B. Commerce Possesses General Authority to Issue Procedural Regulations, and Specific Authority as to URAA Implementation

We have demonstrated above that the notice of intent requirement is a rule of

agency procedure that imposes a minimal burden on domestic interested parties.

Commerce possesses authority to impose such procedural requirements, including the

notice of intent, both as a general matter and specifically in furtherance of the

agency's implementation of the URAA. Generally, longstanding principles establish

that, "[a]bsent constitutional constraints or extremely compelling circumstances[,] the

administrative agencies should be free to fashion their own rules of procedure and to

pursue methods of inquiry capable of permitting them to discharge their

multitudinous duties." *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435

U.S. 519, 543 (1978) (quotations omitted). As stated recently by this Court,

administrative agencies "have the inherent authority to adopt procedures to manage

their own affairs." *Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250, 1261 (Fed. Cir.

2023).  Accordingly, absent constitutional constraints or extremely compelling circumstances, "courts will defer to the judgment of an agency regarding the development of the agency record." *Dongtai Peak Honey Indus. Co., Ltd. v. United States*, 777 F.3d 1343, 1351 (Fed. Cir. 2015) (quoting *PSC VSMPO–Avisma Corp. v. United States,* 688 F.3d 751, 760 (Fed. Cir. 2012)).

*M S International, Inc. v. United States*, 32 F.4th 1145 (Fed. Cir. 2022), provides an example of the discretion accorded to Commerce in setting procedural requirements that are not prohibited by statute.  The appellant in that case asserted that, where no deadline was provided by statute, Commerce could not set a 30-day regulatory deadline.  The Federal Circuit rejected this assertion given the general procedural powers granted to the agency:

> [Appellant] notes that the statute contains no 30-day deadline, suggesting that imposing one by regulation contradicts the statute. But Commerce may set such deadlines where the statute is silent, *Dofasco Inc. v. United States*, 390 F.3d 1370, 1372 (Fed. Cir. 2004), and must be permitted to enforce them in order to administer the trade remedy laws.

*Id.* at 1153 (cleaned up).

Commerce therefore possesses inherent authority to require notices of intent. In addition to that inherent authority, Congress has expressly granted Commerce authority to "issue such regulations . . . as may be necessary to ensure that any provision of [the URAA] . . . is appropriately implemented."  19 U.S.C. § 3513(a)(2). As held by this Court, § 3513(a)(2) provides a "grant of regulatory-implementation

power to Commerce." *COALITION*, 66 F.4th at 977. In *COALITION*, Commerce had published a countervailing duty (CVD) order following an investigation on softwood lumber from Canada. *See COALITION*, 66 F.4th at 970-71. Certain Canadian exporters sought individual "expedited reviews" of the order, which led to reduced rates for those exporters. *See id.* The petitioner challenged the final results of the expedited reviews on the grounds that Commerce lacked statutory authority to create the expedited review process. *See id.* This Court held that Commerce "had statutory authority to adopt the expedited review process as procedures for implementing statutory provisions that authorize individualized determinations in CVD proceedings." *Id.* at 971. The Court based this holding in part on 19 U.S.C. § 3513(a)(2) – the general grant of regulatory authority under the URAA – as well as specific provisions relating to reviews of countervailing duty orders, namely 19 U.S.C. §§ 1677f-1(e) and 1677m. *See id.*

The statutes in *COALITION* relating to individual reviews in CVD proceedings are not at issue here, but Congress's general grant of regulatory authority under the URAA, at § 3513(a)(2), similarly provides Commerce with discretion to create and enforce procedural requirements in the sunset-review context, in addition to Commerce's inherent authority. For example, although § 1675(c) does not mandate a 30-day deadline for the submission of substantive responses to a notice of initiation, Commerce has established such a deadline. *See* 19 C.F.R. § 351.218(d)(3)(i) (requiring that substantive responses be submitted to Commerce not later than 30

days after the notice of initiation).  That deadline must be lawful, given the inherent and URAA-specific authority granted to Commerce.  Otherwise, Commerce could never reject such a filing as untimely, which would of course hinder the agency's ability to timely complete sunset reviews, as required by statute.  *See* 19 U.S.C. § 1675(c)(5)(A).  Indeed, Commerce could have issued regulations to require substantive responses within 15 days of the notice of initiation, without ever requiring a notice of intent to participate.

Like the 30-day deadline for substantive responses, the notice of intent requirement is consistent with the congressionally-stated purpose of § 1675(c)(3), *i.e.*, to "promote administrative efficiency and ease the burden on the agencies by eliminating needless reviews while meeting the requirements of the [Uruguay Round] Agreements."  SAA, 1994 U.S.C.C.A.N at 4206.  As stated in the SAA, "[i]f parties provide no or inadequate information in response to a notice of initiation, it is reasonable to conclude that they would not provide adequate information if the agencies conducted a full-fledged review."  *Id.*  Reflective of this point, the failure of any domestic interested party to meet Commerce's procedural requirements demonstrates that such a party likely would not provide adequate information if the agency conducted a full-fledged review.

Given Commerce's broad authority, the only restraint placed upon Commerce's notice of intent requirement is that an impacted party have notice of the requirement and an opportunity to reply.  *Cf. Canadian Solar Int'l Ltd. v. United States*,

23

68 F.4th 1267, 1273 (Fed. Cir. 2023) (holding that "Commerce's rejection of untimely-filed factual information does not violate a respondent's due process rights when the respondent had notice of the deadline and an opportunity to reply," quoting *Dongtai Peak Honey*, 777 F.3d at 1353)). Archroma was provided notice of the deadline, through the notice of initiation, and was given the opportunity to file a timely notice of intent to participate. Appx181-182, Appx283-284. That is all that was required of Commerce.

We finally note with respect to the lawfulness of Commerce's procedures that the agency permits parties to seek out-of-time extensions to deadlines, so long as they can demonstrate extraordinary circumstances for not seeking a timely extension. *See* 19 C.F.R. § 351.302(c). Yet here, Archroma did not even attempt to support its untimely filing by demonstrating extraordinary circumstances. Archroma instead "provided no explanation." Appx198, Appx278. Thus, Commerce concluded, Archroma "[did] not meet the regulatory standard for extraordinary circumstances." Appx198, Appx278. Archroma did not challenge that determination in the CIT. Thus, in addition to having the opportunity to submit a timely notice of intent to participate, Archroma also had the opportunity to demonstrate extraordinary circumstances that might have warranted Commerce's acceptance of an untimely notice of intent. Archroma did neither and, accordingly, it was not unlawful for Commerce to enforce its requirement by refusing to permit Archroma to participate in the sunset review, and by revoking the orders.

### C.   The Text of § 1675(c)(2) Does Not Limit Commerce's Authority to Impose and Enforce This Procedural Requirement

The Court of International Trade did not address Commerce's power to set procedural requirements, except in a footnote acknowledging the agency's argument. Appx15.  The CIT instead found the notice of intent requirement to be unlawful based entirely on the whole-text canon of construction:  "Reading (c)(2) and (c)(3) together – that is, in context," the CIT concluded, "it's obvious that 'no . . . respon[se] to the notice of initiation under this subsection' in § 1675(c)(3)(A) means no answer to a solicitation for the substantive content that § 1675(c)(2)(A)-(C) instructs the agency to seek."  Appx16.

That holding does not resolve the question at hand.  For the reasons set forth above, Commerce was free to set procedural requirements as a predicate to any domestic interested party being permitted to submit the information solicited by Commerce pursuant to § 1675(c)(2).  Section 1675(c)(2) by its plain terms does not impose any limitations on the agency's ability to set procedures for the conduct of sunset reviews – including the establishment of filing deadlines and the creation of a notice of intent requirement – beyond requiring Commerce to issue a notice of initiation seeking the prescribed categories of information.

Moreover, contrary to the CIT's conclusion, the whole-text canon of interpretation actually supports Commerce's authority here.  As stated in the interpretive guide relied upon by the CIT, "[t]he meaning of a statute is to be looked

for, not in any single section, but in all the parts together and in their relation to the end in view." Scalia & Garner, *supra*, at 168 (2012) (quoting *Panama Ref. Co. v. Ryan*, 293 U.S. 388, 439 (1935) (Cardozo, J., dissenting)). Thus, for example, the Constitution of the United States must be read as a whole. *See* Scalia & Garner, *supra*, at 167-168 (2012) (citing *McCullough v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819) (per Marshall, C.J.)). Here, consideration of the URAA as whole must lead to the conclusion that § 1675(c)(2) – silent as it is with respect to procedural conditions that Commerce may impose – does not preclude Commerce from setting the notice of intent requirement in furtherance of the implementation of the URAA, as authorized by 19 U.S.C. § 3513(a)(2).

Thus, Commerce lawfully revoked the antidumping duty orders on stilbenic OBAs from China and Taiwan due to the lack of any domestic party's filing of a timely notice of intent to participate. The CIT's judgment should be reversed.

## CONCLUSION

For these reasons, the judgment of the CIT should be reversed.

Respectfully submitted,

BRIAN M. BOYNTON
   *Principal Deputy Assistant Attorney*
   *General*

PATRICIA M. McCARTHY
   *Director*

*Of Counsel:*

AYAT MUJAIS
   *Senior Attorney*

   *Office of the Chief Counsel for Trade*
   *Enforcement & Compliance*

   *U.S. Department of Commerce*

/s/ *Franklin E. White, Jr.*
FRANKLIN E. WHITE, JR.
   *Assistant Director*

/s/ *Geoffrey M. Long*
GEOFFREY M. LONG
   *Senior Trial Counsel*
   *Commercial Litigation Branch*
   *Civil Division, U.S. Department of Justice*
   *P.O. Box 480, Ben Franklin Station*
   *Washington, DC 20044*
   *(202) 307-0159*
   *Geoffrey.M.Long@usdoj.gov*

November 2024

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Circuit Rule 32(b)(1) because it contains 6,262 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Geoffrey M. Long*
Geoffrey M. Long

**ADDENDUM**

# TABLE OF CONTENTS

19 U.S.C. § 1675 ........................................................................A1

19 C.F.R. § 351.218 .................................................................A4

CIT Opinion (Appx1-18) .......................................................Appx1

# 19 U.S.C. § 1675.  Administrative review of determinations

\* \* \*

## (c) Five-year review

### (1) In general

Notwithstanding subsection (b) and except in the case of a transition order defined in paragraph (6), 5 years after the date of publication of--

    **(A)** a countervailing duty order (other than a countervailing duty order to which subparagraph (B) applies or which was issued without an affirmative determination of injury by the Commission under section 1303 of this title), an antidumping duty order, or a notice of suspension of an investigation, described in subsection (a)(1),

    **(B)** a notice of injury determination under section 1675b of this title with respect to a countervailing duty order, or

    **(C)** a determination under this section to continue an order or suspension agreement,

the administering authority and the Commission shall conduct a review to determine, in accordance with section 1675a of this title, whether revocation of the countervailing or antidumping duty order or termination of the investigation suspended under section 1671c or 1673c of this title would be likely to lead to continuation or recurrence of dumping or a countervailable subsidy (as the case may be) and of material injury.

### (2) Notice of initiation of review

Not later than 30 days before the fifth anniversary of the date described in paragraph (1), the administering authority shall publish in the Federal Register a notice of initiation of a review under this subsection and request that interested parties submit--

    **(A)** a statement expressing their willingness to participate in the review by providing information requested by the administering authority and the Commission,

    **(B)** a statement regarding the likely effects of revocation of the order or termination of the suspended investigation, and

    **(C)** such other information or industry data as the administering authority or the Commission may specify.

### (3) Responses to notice of initiation

#### (A) No response

If no interested party responds to the notice of initiation under this subsection, the administering authority shall issue a final determination, within 90 days after the initiation of a review, revoking the order or terminating the suspended investigation to which such notice relates. For purposes of this paragraph, an interested party means a party described in section 1677(9)(C), (D), (E), (F), or (G) of this title.

### (B) Inadequate response

If interested parties provide inadequate responses to a notice of initiation, the administering authority, within 120 days after the initiation of the review, or the Commission, within 150 days after such initiation, may issue, without further investigation, a final determination based on the facts available, in accordance with section 1677e of this title.

\* \* \*

### (5) Conduct of review

### (A) Time limits for completion of review

Unless the review has been completed pursuant to paragraph (3) or paragraph (4) applies, the administering authority shall make its final determination pursuant to section 1675a(b) or (c) of this title within 240 days after the date on which a review is initiated under this subsection. If the administering authority makes a final affirmative determination, the Commission shall make its final determination pursuant to section 1675a(a) of this title within 360 days after the date on which a review is initiated under this subsection.

### (B) Extension of time limit

The administering authority or the Commission (as the case may be) may extend the period of time for making their respective determinations under this subsection by not more than 90 days, if the administering authority or the Commission (as the case may be) determines that the review is extraordinarily complicated. In a review in which the administering authority extends the time for making a final determination, but the Commission does not extend the time for making a determination, the Commission's determination shall be made not later than 120 days after the date on which the final determination of the administering authority is published.

### (C) Extraordinarily complicated

For purposes of this subsection, the administering authority or the Commission (as the case may be) may treat a review as extraordinarily complicated if--

(i) there is a large number of issues,

(ii) the issues to be considered are complex,

(iii) there is a large number of firms involved,

(iv) the orders or suspended investigations have been grouped as described in subparagraph (D), or

(v) it is a review of a transition order.

### (D) Grouped reviews

The Commission, in consultation with the administering authority, may group orders or suspended investigations for review if it considers that such grouping is appropriate and will promote administrative efficiency. Where orders or suspended investigations have been grouped, the Commission shall, subject to subparagraph (B), make its final determination under this subsection not later than 120 days after the date that the administering authority publishes notice of its final determination with respect to the last order or agreement in the group.

**19 C.F.R. § 351.218 Sunset reviews under section 751(c) of the Act.**

(a) *Introduction.* The URAA added a new procedure, commonly referred to as "sunset reviews," in section 751(c) of the Act. In general, no later than once every five years, the Secretary must determine whether dumping or countervailable subsidies would be likely to continue or resume if an order were revoked or a suspended investigation were terminated. The Commission must conduct a similar review to determine whether injury would be likely to continue or resume in the absence of an order or suspended investigation. If the determinations under section 751(c) of both the Secretary and the Commission are affirmative, the order (or suspended investigation) remains in place. If either determination is negative, the order will be revoked (or the suspended investigation will be terminated). This section contains rules regarding the procedures for sunset reviews.

(b) *In general.* The Secretary will conduct a sunset review, under section 751(c) of the Act, of each antidumping and countervailing duty order and suspended investigation, and, under section 752(b) or section 752(c) (whichever is applicable), will determine whether revocation of an antidumping or countervailing duty order or termination of a suspended investigation would be likely to lead to continuation or recurrence of dumping or a countervailable subsidy.

(c) *Notice of initiation of review; early initiation*—(1) *Initial sunset review.* No later than 30 days before the fifth anniversary date of an order or suspension of an investigation (see section 751(c)(1) of the Act), the Secretary will publish a notice of initiation of a sunset review (see section 751(c)(2) of the Act).

(2) *Subsequent sunset reviews.* In the case of an order or suspended investigation that is continued following a sunset review initiated under paragraph (c)(1) of this section, no later than 30 days before the fifth anniversary of the date of the last determination by the Commission to continue the order or suspended investigation, the Secretary will publish a notice of initiation of a sunset review (see section 751(c)(2) of the Act).

(3) *Early initiation.* The Secretary may publish a notice of initiation at an earlier date than the dates described in paragraph (c) (1) and (2) of this section if a domestic interested party demonstrates to the Secretary's satisfaction that an early initiation would promote administrative efficiency. However, if the Secretary determines that the domestic interested party that requested early initiation is a related party or an importer under section 771(4)(B) of the Act and § 351.203(e)(4), the Secretary may decline the request for early initiation.

(4) *Transition orders.* The Secretary will initiate sunset reviews of transition orders, as defined in section 751(c)(6)(C) of the Act, in accordance with section 751(c)(6) of the Act.

(d) *Participation in sunset review*—(1) Domestic interested party notification of intent to participate—(i) *Filing of notice of intent to participate.* Where a domestic interested party intends to participate in a sunset review, the interested party must, not later than 15 days after the date of publication in the Federal Register of the notice of initiation, file a notice of intent to participate in a sunset review with the Secretary.

(ii) *Contents of notice of intent to participate.* Every notice of intent to participate in a sunset review must include a statement expressing the domestic interested party's intent to participate in the sunset review and the following information:

(A) The name, address, and phone number of the domestic interested party (and its members, if applicable) that intends to participate in the sunset review and the statutory basis (under section 771(9) of the Act) for interested party status;

(B) A statement indicating whether the domestic producer:

(*1*) Is related to a foreign producer or to a foreign exporter under section 771(4)(B) of the Act; or

(*2*) Is an importer of the subject merchandise or is related to such an importer under section 771(4)(B) of the Act;

(C) The name, address, and phone number of legal counsel or other representative, if any;

(D) The subject merchandise and country subject to the sunset review; and

(E) The citation and date of publication in the Federal Register of the notice of initiation.

(iii) Failure of domestic interested party to file notice of intent to participate in the sunset review.

(A) A domestic interested party that does not file a notice of Intent to participate in the sunset review will be considered not willing to participate in the review and the Secretary will not accept or consider any unsolicited submissions from that party during the course of the review.

(B) If no domestic interested party files a notice of intent to participate in the sunset review, the Secretary will:

(*1*) Conclude that no domestic interested party has responded to the notice of initiation under section 751(c)(3)(A) of the Act;

(*2*) Notify the International Trade Commission in writing as such normally not later than 20 days after the date of publication in the Federal Register of the notice of initiation; and

(*3*) Not later than 90 days after the date of publication in the Federal Register of the Notice of Initiation, issue a final determination revoking the order or terminating the suspended investigation (see §§ 351.221(c)(5)(ii) and 351.222(i)).

\* \* \*

(3) *Substantive response to a notice of initiation*—(i) *Time limit for substantive response to a notice of initiation.* A complete substantive response to a notice of initiation, filed under this section, must be submitted to the Department not later than 30 days after the date of publication in the Federal Register of the notice of initiation.

(ii) *Required information to be filed by all interested parties in substantive response to a notice of initiation.* Except as provided in paragraph (d)(3)(v)(A) of this section, each interested party that intends to participate in a sunset review must file a submission with the Department containing the following:

(A) The name, address, and phone number of the interested party (and its members, if applicable) that intends to participate in the sunset review and the statutory basis (under section 771(9) of the Act) for interested party status;

(B) The name, address, and phone number of legal counsel or other representative, if any;

(C) The subject merchandise and country subject to the sunset review;

(D) The citation and date of publication in the Federal Register of the notice of initiation;

(E) A statement expressing the interested party's willingness to participate in the review by providing information requested by the Department, which must include a summary of that party's historical participation in any segment of the proceeding before the Department related to the subject merchandise;

(F) A statement regarding the likely effects of revocation of the order or termination of the suspended investigation under review, which must include any factual information, argument, and reason to support such statement;

(G) Factual information, argument, and reason concerning the dumping margin or countervailing duty rate, as applicable, that is likely to prevail if the Secretary revokes the order or terminates the suspended investigation, that the Department should select for a particular interested party(s);

(H) A summary of the Department's findings regarding duty absorption, if any, including a citation to the Federal Register notice in which the Department's findings are set forth; and

(I) A description of any relevant scope clarification or ruling, including a circumvention determination, or changed circumstances determination issued by the Department during the proceeding with respect to the subject merchandise.

(iii) *Additional required information to be filed by respondent interested parties in substantive response to a notice of initiation.* Except as provided in paragraph (d)(3)(v)(A) of this section, the submission from each respondent interested party that intends to participate in a sunset review must also contain the following:

(A) That party's individual weighted average dumping margin or countervailing duty rate, as applicable, from the investigation and each subsequent completed administrative review, including the final margin or rate, as applicable, where such margin or rate was changed as a result of a final and conclusive court order;

(B) For each of the five calendar years (or fiscal years, if more appropriate) preceding the year of publication of the notice of initiation, that party's volume and value (normally on an FOB basis) of exports of subject merchandise to the United States;

(C) As applicable, for the calendar year (or fiscal year, if more appropriate) preceding the year of initiation of the dumping investigation, that party's volume and value (normally on an FOB basis) of exports of subject merchandise to the United States;

(D) For each of the five calendar years (or fiscal years, if more appropriate) preceding the year of publication of the notice of initiation, on a volume basis (or value basis, if more appropriate), that party's percentage of the total exports of subject merchandise (defined in section 771(25) of the Act) to the United States; and

(E) For each of the three most recent years, including the year of publication of the notice of initiation, that party's volume and value (normally on an FOB basis) of exports of subject merchandise to the United States during the two fiscal quarters as of the month preceding the month in which the notice of initiation was published.

(iv) *Optional information to be filed by interested parties in substantive response to a notice of initiation*—(A) *Showing good cause.* An interested party may submit information or evidence to show good cause for the Secretary to consider other factors under section 752(b)(2) (CVD) or section 752(c)(2) (AD) of the Act and paragraph (e)(2)(ii) of this section. Such information or evidence must be submitted in the party's substantive response to the notice of initiation under paragraph (d)(3) of this section.

(B) *Other information.* A substantive response from an interested party under paragraph (d)(3) of this section also may contain any other relevant information or argument that the party would like the Secretary to consider.

(v) *Required information to be filed by a foreign government in substantive response to the notice of initiation in a CVD sunset review*—(A) *In general.* The foreign government of a country subject to a CVD sunset review (see section 771(9)(B) of the Act) that intends to participate in a CVD sunset review must file a submission with the Department under paragraph (d)(3)(i) of this section containing the information required under paragraphs (d)(3)(ii)(A) through (E) of this section.

(B) *Additional required information to be filed by a foreign government in a CVD sunset review involving an order where the investigation was conducted on an aggregate basis.* The submission from the foreign government of a country subject to a CVD sunset review, involving an order where the investigation was conducted on an aggregate basis, must also contain:

(1) The information required under paragraphs (d)(3)(ii)(F), (d)(3)(ii)(G), and (d)(3)(ii)(I) of this section;

(2) The countervailing duty rate from the investigation and each subsequent completed administrative review, including the final rate where such rate was changed as a result of a final and conclusive court order; and

(3) For each of the five calendar years (or fiscal years, if more appropriate) preceding the year of publication of the notice of initiation, the volume and value (normally on an FOB basis) of exports of subject merchandise to the United States.

(vi) *Substantive responses from industrial users and consumers.* An industrial user of the subject merchandise or a representative consumer organization, as described in section 777(h) of the Act, that intends to participate in a sunset review must file a submission with the Department under paragraph (d)(3)(i) of this section containing the information required under paragraphs (d)(3)(ii)(A) through (D) of this section and may submit other relevant information under paragraphs (d)(3)(ii) and (d)(3)(iv) of this section.

(4) *Rebuttal to substantive response to a notice of initiation.* Any interested party that files a substantive response to a notice of initiation under paragraph (d)(3) of this section may file a rebuttal to any other party's substantive response to a notice of initiation not later than five days after the date the substantive response is filed with the Department. Except as provided in § 351.309(e), the Secretary normally will not accept or consider any additional information from a party after the time for filing rebuttals has expired, unless the Secretary requests additional information from parties

after determining to proceed to a full sunset review under paragraph (e)(2) of this section.

**Slip Op. 24-61**

**UNITED STATES
COURT OF INTERNATIONAL TRADE**

<hr>

**Court No. 22-00354**

<hr>

ARCHROMA U.S., INC.,

*Plaintiff*,

v.

UNITED STATES DEPARTMENT OF COMMERCE
and
UNITED STATES INTERNATIONAL TRADE
COMMISSION,

*Defendants*,

and

TEH FONG MIN INTERNATIONAL CO. LTD.,

*Defendant-Intervenor.*

<hr>

Before: M. Miller Baker, Judge

**OPINION**

[The court grants Plaintiff's motion for judgment on the agency record, holds that 19 C.F.R. § 351.218(d)(1) violates 19 U.S.C. § 1675(c), and orders Defendants to undertake full sunset reviews with Plaintiff's participation.]

Dated: May 28, 2024

*Christopher D. Cazenave*, Jones Walker LLP, New Orleans, LA, on the briefs for Plaintiff.

*Brian M. Boynton*, Principal Deputy Assistant Attorney General; *Patricia M. McCarthy*, Director; *Franklin E. White, Jr.*, Assistant Director; and *Geoffrey M. Long*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, on the brief for Defendant U.S. Department of Commerce. Of counsel on the brief was *Ayat Mujais*, Senior Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, Washington, DC.

*Dominic L. Bianchi*, General Counsel; *Andrea C. Casson*, Assistant General Counsel for Litigation; and *Henry N.L. Smith*, Attorney-Advisor, Office of the General Counsel, U.S. International Trade Commission, Washington, DC, on the brief for Defendant U.S. International Trade Commission.

*Peter Koenig*, Squire Patton Boggs (US) LLP, Washington, DC, on the brief for Defendant-Intervenor.

 *Baker*, Judge: Although federal agencies may last forever, *see* Ronald Reagan, *A Time for Choosing* (Oct. 27, 1964) ("[A] government bureau is the nearest thing to eternal life we'll ever see on this earth."),[1] antidumping and countervailing duty orders mercifully don't. Such decrees generally sunset after five years unless a domestic interested party timely responds to the Commerce Department's warning of the pending

---

[1] Available at https://www.reaganlibrary.gov/reagans/ronald-reagan/time-choosing-speech-october-27-1964.

Ct. No. 22-00354                                              **Page 3**

lapse by submitting certain information prescribed by statute. Receiving such material requires the agency to determine whether to continue the tariff.

In this case, Commerce announced that two anti-dumping orders were soon due for sunset reviews. A domestic producer missed—by six days—a 15-day regulatory deadline to file a "notice of intent to participate" in any reviews but *met* the regulation's later cut-off to file "substantive responses" with the statutorily required content. The Department nevertheless refused to consider those submissions and instead peremptorily revoked the decrees because of the company's tardy notice of intent. The producer then sued.

The court holds that the regulation contradicts the statute. Commerce may not cancel an antidumping or countervailing duty order or bar domestic interested parties from taking part in a five-year review without first letting them submit the content dictated by Congress. The Department must accept the producer's timely substantive responses and undertake (together with the International Trade Commission) full sunset reviews with the company's participation.

I

Subject to certain limited exceptions not relevant here, the Tariff Act of 1930, as amended, directs that Commerce and the Commission each undertake a "five-year review" of antidumping and countervailing duty orders, *see* 19 U.S.C. § 1675(c), commonly known

as a "sunset review," *see* 19 C.F.R. § 351.218(a). In most cases, the statute requires an initial sunset review five years "after the date of publication" of an antidumping or countervailing duty order. 19 U.S.C. § 1675(c)(1)(A).[2] If both agencies determine that the order should remain in force, the statute mandates that subsequent sunset reviews take place every five years "after the date of publication of . . . a determination under this section to continue an order." *Id.* § 1675(c)(1)(C).[3]

As to both initial and subsequent sunset reviews, the statute directs the Department to publish "a notice of initiation" "[n]ot later than 30 days before the fifth anniversary of the date described in [§ 1675(c)(1)]."

---

[2] As to certain countervailing duty orders, the trigger date for an initial sunset review is different. *See* 19 U.S.C. § 1675(c)(1)(A)–(B).

[3] Commerce construes a "determination under this section to continue an order" as meaning the Commission's determination to keep the antidumping duty order in effect. *See* 19 C.F.R. § 351.218(c)(2) ("In the case of an order . . . that is continued following a sunset review . . ., no later than 30 days before the fifth anniversary of the date of the last determination by the Commission to continue the order . . ., the Secretary will publish a notice of initiation of a sunset review . . . .").

*Id.* § 1675(c)(2).[4] This notice must instruct domestic "interested parties"[5] to submit

> (A) a statement expressing their willingness to participate in the review by providing information requested by [Commerce] and the Commission,

> (B) a statement regarding the likely effects of revocation of the order or termination of the suspended investigation, and

> (C) such other information or industry data as [Commerce] or the Commission may specify.

19 U.S.C. § 1675(c)(2).

A timely submission to the Department providing the content mandated by § 1675(c)(2) is critical because if "no [domestic] interested party responds to the notice of initiation under this subsection," Commerce "shall . . . revok[e] the order" in what amounts to an

---

[4] The Commission explains that in practice it publishes its own companion "notice of institution" the same day the Department issues a notice of initiation "because the statute contemplates simultaneous five-year reviews by both agencies." ECF 39, at 8 n.1.

[5] *See* 19 U.S.C. § 1675(c)(3)(A) (defining "interested party" for "purposes of this paragraph" as various domestic entities described in 19 U.S.C. § 1677(9)(C)–(G)).

**Ct. No. 22-00354**                                    **Page 6**

administrative default judgment. *Id.* § 1675(c)(3)(A).[6] Essentially, the statute requires such parties to speak up in support of continuing a duty order or forever hold their peace.[7]

Although § 1675(c)(2) dictates the information that domestic interested parties must provide to prevent a duty order's demise, the statute does not speak to *when* such a submission is due. Stepping into the breach, the Department imposes two separate deadlines through regulation.

The first, and earlier, deadline requires that a domestic interested party wishing to participate in a sunset review file a "notice of intent to participate" no later than 15 days after Commerce publishes the no-

---

[6] The court expresses no view on whether § 1675(c)(3)(A) permits Commerce to revoke a duty order when an interested party fails to respond to the *Commission's* notice of institution of a sunset review. *See above* note 4.

[7] If a domestic interested party does respond to a notice of initiation under § 1675(c), the Department must consider whether, if the order were revoked, "dumping or a countervailable subsidy, as the case may be, would be likely to continue or recur." 19 U.S.C. § 1675(d)(2)(A). The Commission must do the same as to material injury. *See id.* § 1675(d)(2)(B). If the party submits "inadequate" responses to Commerce or the Commission, *id.* § 1675(c)(3)(B), either agency "may issue, without further investigation, a final determination based on the facts available [under 19 U.S.C. § 1677e]," *id.*

tice of initiation. 19 C.F.R. § 351.218(d)(1)(i).[8] An en-
tity that fails to do so "will be considered not willing to
participate in the review and the [Department] will
not accept or consider any unsolicited submissions
from that party during the course of the review." *Id.*
§ 351.218(d)(1)(iii)(A). "If no domestic interested party
files a notice," *id.* § 351.218(d)(1)(iii)(B), Commerce
will "[c]onclude that no [such] party has responded to
the notice of initiation under [the statute]," *id.*
§ 351.218(d)(1)(iii)(B)(1), and "revok[e] the order," *id.*
§ 351.218(d)(1)(iii)(B)(3).

The second, and later, deadline requires any inter-
ested party—not just domestic entities—to submit a
"complete *substantive* response" not later than 30 days
after publication of a notice of initiation.
*Id.* § 351.218(d)(3)(i) (emphasis added). As relevant
here, the regulation tracks 19 U.S.C.
§ 1675(c)(2)(A)–(B) word-for-word in prescribing what
that submission must include:

> (E) *A statement expressing the interested party's
> willingness to participate in the review by
> providing information requested by the Depart-
> ment*, which must include a summary of that
> party's historical participation in any segment of

---

[8] Other than a bare-bones statement of the party's "intent
to participate in [the] sunset review," 19 C.F.R.
§ 351.218(d)(1)(ii), the only other required contents in a no-
tice of intent are basic factual details such as the entity's
contact information, *see id.* § 351.218(d)(1)(ii)(A)–(E).

the proceeding before the Department related to the subject merchandise; [and]

(F) *A statement regarding the likely effects of revocation of the order or termination of the suspended investigation* under review, which must include any factual information, argument, and reason to support such statement . . . .

19 C.F.R. § 351.218(d)(3)(ii) (emphasis added).[9]

---

[9] The Commission has a similar framework for responding to its "notice of institution" of a sunset review. *See id.* § 207.60(d) (defining that term). Within 21 days of such publication, an interested party must file an "entry of appearance" with the agency. *See id.* § 201.11(b)(4). Like Commerce's "notice of intent," the Commission's entry of appearance only requires bare-bones information: "the nature of the person's reason for participating" in the review and an expression of "intent to file briefs with the [agency]." *Id.* § 201.11(a). Unlike the Department, however, the Commission's regulation does not indicate that a failure to make this procedural filing is fatal.

 Reinforcing this apparent difference, the latter's regulation states that all "[r]esponses to the notice of institution shall be submitted to the Commission" within 30 days of publication. *Id.* § 207.61(a). Thus, an "entry of appearance" is *not* a response to such a notice. A response must contain the material specified by 19 U.S.C. § 1675(c)(2)(A)–(B) as well as other data requested by the Commission. *See* 19 C.F.R. § 207.61(b).

## II

This case involves two 2012 antidumping orders on paper-whitening chemicals from Taiwan and China. *See* 77 Fed. Reg. 27,419; 77 Fed. Reg. 27,423. Sunset reviews for both decrees in 2017 led to a "notice of continuation" keeping them in effect. *See* 82 Fed. Reg. 55,990.

On October 3, 2022—ironically, three days *late* under its own regulation,[10] *cf. Luke* 4:23 ("Physician, heal

---

[10] The Commission published its determination to continue the orders on November 1, 2017, *see* 82 Fed. Reg. 50,678, 50,678–79, which meant the Department was required to publish a notice of initiation "*no later than* 30 days before" November 1, 2022, the "fifth anniversary date," 19 C.F.R. § 351.218(c)(2) (emphasis added); *see also above* note 3. Thirty days before that date was October 2, 2022—a Sunday.

"[W]here a . . . deadline falls on a weekend, federal holiday, or any other day when the Department is closed," Commerce's practice is to treat the "the next business day" as the applicable deadline "consistent with federal practice. *See* Fed. R. Civ. P. 6(a); Fed R. App. P. 26(a)." 70 Fed. Reg. 24,533, 24,533. Under the cited federal rule provisions, "[t]he 'next day' is determined by continuing to count forward when the period is measured after an event *and backward when measured before an event*." Fed. R. Civ P. 6(a)(5) (emphasis added); Fed. R. App. P. 26(a)(5) (same). The deadline established by § 351.218(c)(2) is determined by counting *backward*, so the cutoff moved back from Sunday, October 2, to Friday, September 30. Here, the Department instead erroneously counted *forward* and published the

thyself")—Commerce published a notice of initiation for new five-year reviews of both orders. *See* 87 Fed. Reg. 59,779. The Department instructed domestic interested parties to file "notice[s] of intent to participate" within 15 days (by October 18) and all interested parties to submit "complete substantive responses" with statutorily required information within 30 days (by November 2). *See id.* at 59,780. It also warned that if the agency did "not receive a notice of intent to participate from at least one domestic interested party by the 15-day deadline," it would "automatically revoke the [relevant] order without further review." *Id.* (citing 19 C.F.R. § 351.218(d)(1)(iii)).[11]

Although both agencies established the same date for submitting statutorily required *substantive* information—November 2, 2022—their notices set different deadlines for the earlier procedural filings. The Department's cutoff date for a notice of intent (October

_____

notice of initiation on October 3. Because the court resolves this case on other grounds, it need not consider the effect, if any, of Commerce's untimely issuance of its notice.

[11] The Commission, meanwhile, published a notice of institution on the same day as Commerce and directed all interested parties wishing to participate to file entries of appearance within 21 days (by October 24) and substantive responses containing statutorily required material within 30 days (by November 2). *See* 87 Fed. Reg. 59,827, 59,827–28; *see also above* notes 4, 9.

18) was six days earlier than the Commission's (October 24) for an entry of appearance.

That difference is what gives rise to this litigation, because Archroma U.S., Inc.—a domestic producer of the chemical that is the subject of the antidumping duty orders here[12]—appears to have transposed those deadlines. The company (timely) filed its entries of appearance with the Commission on October 12, Appx001304–001305, which was also before *the Department's* deadline for notices of intent. But on October 24—the last day for making its procedural filings *with the Commission*—the company made its pro forma submissions with Commerce, Appx001137–001139, six days late. As the rueful saying goes, mistakes were made.

The Department rejected Archroma's notices of intent as untimely and removed them from the record. Appx001011–001012. No other domestic interested party filed such a notice, so on October 27—before the 30-day deadline to file substantive responses—Commerce notified the Commission that it would revoke the orders. Appx001006–001007; Appx001140–001141.

Archroma nevertheless timely filed substantive responses and requested the Department accept the

---

[12] The company states it is the successor of Clariant Corporation, "the original petitioner in the underlying . . . proceeding that led to the" orders. ECF 35, at 2–3.

company's untimely notices of intent. Appx001014–
001016; *see also* Appx001036 (referring to the re-
sponses' barcodes).[13] Commerce denied that request,
finding no showing of an "extraordinary circum-
stance," and rejected the responses. Appx001035–
001036. Archroma asked for reconsideration,
Appx001038–001056, which the Department also de-
nied, Appx001082–001084.[14]

Commerce then revoked the orders because "no do-
mestic interested party responded to the sunset review
notice of initiation by the applicable deadline." 87 Fed.
Reg. 80,162, 80,162; Appx001089. Two weeks later,
the Commission ended its review, citing Commerce's
action. 88 Fed. Reg. 2,374; Appx001295.

## III

Invoking jurisdiction conferred by 28 U.S.C.
§ 1581(c), *see* ECF 29 (amended complaint), at 2,
Archroma brought this suit under 19 U.S.C.
§ 1516a(a)(1)(D)[15] against the Department and the

---

[13] Archroma also timely submitted substantive responses
to the Commission's notice of institution. Appx001263–
001293.

[14] In so doing, Commerce erroneously stated that it timely
issued the notice of initiation on October 3. *Compare*
Appx001083 *and* Appx001083 n.10 *with above* note 10.

[15] This provision gives interested parties who were "party
to the proceeding in connection with which the matter
arises" a right of action in this court to contest any factual

Commission challenging revocation of the antidumping orders.[16] *See generally* ECF 29. Teh Fong Min International Co. Ltd., a Taiwanese producer and exporter, intervened to support the agencies. ECF 18. Archroma then moved for judgment on the agency record (ECF 35); Commerce (ECF 40), the Commission (ECF 39), and Teh Fong Min (ECF 41, joining the agencies' briefs) opposed. After receiving supplemental briefing from the Department (ECF 51), Archroma (ECF 52), and the Commission (ECF 53),[17] the court decides the motion on the papers.

The parties assert that this case is subject to substantial-evidence review under 19 U.S.C. § 1516a(b)(1)(B)(i). *See* ECF 35, at 7 (Archroma); ECF 40, at 8 (Commerce); ECF 39, at 5 (the Commission). The court disagrees because this is a § 1516a(a)(1)(D) case. The statute directs that "[t]he court shall hold unlawful any determination, finding, or conclusion found—. . . *in an action brought under paragraph (1)(D) of subsection (a)*, to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

findings or legal conclusions on which "a final determination by [Commerce] or the Commission under [19 U.S.C. §] 1675(c)(3)" is based.

[16] The company concurrently sought a preliminary injunction keeping the orders effective pending this litigation, ECF 7, to which Commerce consented, *see* ECF 8.

[17] The court thanks the parties for their helpful supplemental briefing.

with law." 19 U.S.C. § 1516a(b)(1)(B)(ii) (emphasis added); *see also Neenah Foundry Co. v. United States*, 142 F. Supp. 2d 1008, 1013 (CIT 2001) (thoroughly explaining why arbitrary-and-capricious, rather than substantial-evidence, review applies to agency determinations under 19 U.S.C. § 1675(c)(3)).

IV

Archroma argues that 19 C.F.R. § 351.218(d)(1)(iii)'s 15-day deadline for filing a notice of intent to participate exceeds "Commerce's statutory authority" because it "effectively barred [the company's] opportunity to submit the substantive information required by 19 U.S.C. § 1675(c)(2)." ECF 52, at 3, 5. It asserts that its timely submission of that material "contained all [the] information necessary" under the statute for the Department to undertake full sunset reviews. ECF 35, at 4.

Commerce answers that § 351.218(d)(1)(iii)'s deadline "represents a lawful interpretation of § 1675(c)." ECF 51, at 9. It contends that because the statute fails to define what "constitute[s] 'no response,'" *id.* at 10, "it is reasonable for [the Department] to determine that if a party does not submit a notice of intent to participate . . . then the party has not responded, trigger-

ing the revocation under 19 U.S.C. § 1675(c)(3)[(A)]," *id.*[18]

Commerce errs by reading "no . . . respon[se]" in § 1675(c)(3)(A) in isolation: "Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts." Scalia and Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012). Thus, "the meaning of a statute is to be looked for, not in any single section, but in all the parts together and in their relation to the end in view." *Id.* at 168 (quoting *Panama Refin. Co. v. Ryan*, 293 U.S. 388, 439 (1935) (Cardozo, J., dissenting)).

Applying the whole-text canon of construction resolves this case. Commerce may revoke an antidumping or countervailing duty order only if "no [domestic] interested party responds to the notice of initiation *under this subsection*." 19 U.S.C. § 1675(c)(3)(A) (emphasis added). That subsection's preceding paragraph mandates that such a notice

---

[18] The agency adds that the deadline "promotes administrative efficiency and eliminates needless reviews" by alerting it "whether it will need to conduct a full sunset review, which requires substantial time and resources from the agency." *Id.* at 11.

request that [domestic] interested parties submit—

(A) a statement expressing their willingness to participate in the review by providing information requested by [Commerce] and the Commission,

(B) a statement regarding the likely effects of revocation of the order or termination of the suspended investigation, *and*

(C) such other information or industry data as [Commerce] or the Commission may specify.

*Id.* § 1675(c)(2) (emphasis added). Reading (c)(2) and (c)(3) together—that is, in context—it's obvious that "no . . . respon[se] to the notice of initiation under this subsection" in § 1675(c)(3)(A) means no answer to a solicitation for the substantive content that *§ 1675(c)(2)(A)–(C)* instructs the agency to seek.

It's undisputed that Archroma timely responded to Commerce's request for substantive material prescribed by § 1675(c)(2)(A)–(C). The statute therefore obligated the Department to undertake reviews and allow the company to participate in the ensuing proceedings.[19] Although Archroma failed to timely submit

---

[19] If a domestic interested party timely submits substantive information required by the statute, it necessarily follows that such an entity has a concomitant entitlement to parti-

a notice of intent to so participate, the statute confers no authority on the agency to revoke a duty order or bar participation based on that omission. Commerce does not contest that the threadbare document it instructed domestic interested parties to file within 15 days did not require any—much less *all*—of the content specified in § 1675(c)(2)(A)–(C).[20] By revoking the orders and barring the company's participation, Commerce jumped the statutory gun.

The court holds that 19 C.F.R. § 351.218(d)(1) violates 19 U.S.C. § 1675(c)(2)–(3). If Commerce is to

---

cipate in the review. Otherwise, the right to provide the content specified by Congress would be "remarkably hollow." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009).

[20] One might argue—though the Department wisely makes no such contention here—that the "notice of intent to participate" required by 19 C.F.R. § 351.218(d)(1) falls within "such *other information* or industry data as [Commerce] . . . may specify." 19 U.S.C. § 1675(c)(2)(C) (emphasis added). That reading, even if accepted, would still be unavailing because of the conjunction "and" in § 1675(c)(2). Before Commerce may revoke a duty order in a five-year review, it must first afford domestic interested parties an opportunity to submit content specified in subparagraphs (A), (B), *and* (C) in § 1675(c)(2)—that is, *all* such content. *See* Scalia and Garner, *above*, at 116 (explaining that where a "conjunctive list" prescribes that "You must do A, B, and C," "all three things are required"). So even if § 351.218(d)(1) is read to request content encompassed by § 1675(c)(2)(C), it still does not seek material prescribed by § 1675(c)(2)(A) and (B) and therefore violates the statute.

Ct. No. 22-00354                                                      Page 18

revoke a duty order and/or bar a domestic interested party's participation in any sunset review, it must first afford that party the opportunity to submit all the content prescribed by 19 U.S.C. § 1675(c)(2)(A)–(C). The regulation extinguishes that statutory right if, as here, such an entity fails to timely file a notice of intent. The court therefore grants Archroma's motion for judgment on the agency record and enjoins the Department to accept the company's substantive responses,[21] undertake (together with the Commission) full sunset reviews, and allow the company's participation. A separate declaratory judgment and injunction will issue. *See* USCIT R. 58(a).

Dated: May 28, 2024            /s/ *M. Miller Baker*
      New York, NY            M. Miller Baker, Judge

---

[21] After accepting Archroma's substantive responses, the Department must determine whether they are satisfactory or "inadequate." *See* 19 U.S.C. § 1675(c)(3)(B); *see also above* note 7. The court expresses no view on that question, which the agency did not consider in the first instance.