2024-2159, 2024-2162

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ARCHROMA U.S., INC.,
*Plaintiff-Appellee*

v.

DEPARTMENT OF COMMERCE,
TEH FONG MIN (TFM) INTERNATIONAL CO, LTD.,
*Defendants-Appellants*

INTERNATIONAL TRADE COMMISSION,
*Defendant*

Appeal from the United States Court of International Trade in
Case No. 22-00354, Judge M. Miller Baker

## BRIEF OF DEFENDANT-APPELLANT
## TEH FONG MIN (TFM) INTERNATIONAL CO, LTD.

Jeremy W. Dutra
Peter J. Koenig

**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
202-626-6237

*Counsel to Teh Fong Min (TFM)
International Co, Ltd.*

Dated: December 18, 2024

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2924-2159; 2024-2162 |
| **Short Case Caption** | Archroma U.S., Inc. v. Department of Commerce |
| **Filing Party/Entity** | Teh Fong Min International Co., Ltd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.


Date: 12/18/2024

Signature: /s/ Jeremy W. Dutra

Name: Jeremy W. Dutra

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Teh Fong Min Int'l Co., Ltd. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☑ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.     STATEMENT OF RELATED CASES ...................................................... 1

II.    JURISDICTIONAL STATEMENT ........................................................ 1

III.   STATEMENT OF THE ISSUES .......................................................... 1

IV.   STATEMENT OF THE CASE ............................................................. 2

V.     ARGUMENT ....................................................................................... 2

    A.   Standard of Review ...................................................................... 2

    B.   Commerce's Regulation Requiring Notices of Intent to
         Participate Is Consistent with 19 U.S.C. § 1675(c). ................ 2

VI.   CONCLUSION ................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*Am. Silicon Techs. v. United States*, 334 F.3d 1033 (Fed. Cir. 2003) ......................2
*JTEKT Corp. v. United States*, 642 F.3d 1378 (Fed. Cir. 2011) ............................2
*Viraj Group v. United States*, 476 F.3d 1349 (Fed. Cir. 2007) ................................2

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(ii) ...................................................................2
19 U.S.C. § 1675(c)(2) ..............................................................................3

**Regulations**

19 C.F.R. § 351.218(d)(1)(ii).....................................................................3
19 C.F.R. § 351.218(d)(3)(i).......................................................................3

**Legislative and Administrative Materials**

*Procedures for Conducting Five-Year ("Sunset") Reviews of
Antidumping and Countervailing Duty Orders*, 63 Fed. Reg.
13,516 (Dep't Commerce Mar. 20, 1998) ...........................................3

Defendant-Appellant Teh Fong Min (TFM) International Co, Ltd. (TFM) respectfully submits this opening brief in support of its appeal from the Judgment of the U.S. Court of International Trade ("CIT") in *Archroma U.S., Inc. v. U.S. Department of Commerce, et al.*, Ct. No. 1:22-cv-00354 (CIT May 28, 2024), Appx1-18, made final by the U.S. Court of International Trade's (CIT) Judgment.

## I.      STATEMENT OF RELATED CASES

Counsel for TFM is unaware of any other appeal from the same civil actions previously filed before this or any other appellate court, and is not currently aware of any other case that would be affected by the Court's decision in this appeal.

## II.     JURISDICTIONAL STATEMENT

This is an appeal from a final decision of the CIT.  This Court has jurisdiction to review the CIT's final decisions under 28 U.S.C. § 1295(a)(5).

## III.    STATEMENT OF THE ISSUES

TFM agrees and adopts the statement of the issues as articulated by the Government in its opening brief.  The question presented is whether, Commerce's regulations contravene the statutory provisions governing the conduct of sunset reviews, set forth at 19 U.S.C. § 1675(c) by requiring notices of intent to participate from domestic interested parties.

## IV. STATEMENT OF THE CASE

TFM agrees with and adopts the statement of the case outlined by the Government in its opening brief.

## V. ARGUMENT

### A. Standard of Review

TFM agrees with the Government's articulation of the applicable standard of review. Specifically, this Court reviews CIT rulings *de novo*, "stepping into its shoes and applying the same standard of review." *JTEKT Corp. v. United States*, 642 F.3d 1378, 1381 (Fed. Cir. 2011). Because it does so "without affording any deference to the Court of International Trade," this Court reviews the record for substantial evidence and compliance with law. *Am. Silicon Techs. v. United States*, 334 F.3d 1033, 1037 (Fed Cir. 2003). This Court "must reverse a determination that is unsupported by substantial evidence on the record, or otherwise not in accordance with law." *Viraj Group v. United States*, 476 F.3d 1349, 1354 (Fed. Cir. 2007); 19 U.S.C. § 1516a(b)(1)(B)(ii).

### B. Commerce's Regulation Requiring Notices of Intent to Participate Is Consistent with 19 U.S.C. § 1675(c).

TFM supports and adopts the Government's arguments articulated in its opening brief. TFM writes separately to address and expand on several points.

First, 19 U.S.C. § 1675(c)(2) has three requirements, and all three must be met for Commerce to conduct a sunset review and possibly continue an AD order. The

failure of a domestic interested party to meet the first requirement—subsection (A) response of willingness to participate—is sufficient to end the inquiry.

Second, subsection (A) merely requires "a statement expressing their willingness to participate in the review by providing information requested by the administering authority and the Commission." 19 U.S.C. § 1675(c)(2)(A). Congress did not specify the "information" to be requested; instead leaving it to Commerce, as the administering authority, to articulate the information required. And Commerce exercised its regulatory authority by identifying the limited information a domestic interested party must submit when responding to the notice of initiation to express willingness to participate in the sunset review. *See* 19 C.F.R. § 351.218(d)(1)(ii).

Third, the requirement that domestic interested parties file a notice of intent to participate within 15 days of the notice of initiation serves to alert potential respondent interested parties that they may need to file a substantive response 30 days after the notice of initiation. *See* 19 C.F.R. § 351.218(d)(3)(i) (requiring that all interested parties file any substantive responses no later than 30 days after the notice of initiation); *see also Procedures for Conducting Five-Year ("Sunset") Reviews of Antidumping and Countervailing Duty Orders*, 63 Fed. Reg. 13,516 (Dep't Commerce Mar. 20, 1998) (stating that "{t}he requirement that domestic interested parties notify the Department of their intention to participate prior to the

deadline for submission of substantive responses . . . is intended to alleviate the burden on parties of having to prepare substantive responses in cases where there is no domestic party interest").  If in the 15 days following notice of initiation, domestic interested parties do not indicate interest in participating in the sunset review to continue an AD order, exporters and importers are not thereby alerted to file anything in the 30-day period to express a view.

## VI.    CONCLUSION

For the foregoing reasons, and the reasons articulated by the Government, TFM respectfully requests that this Court reverse the CIT judgment.

Dated: December 18, 2024

Respectfully submitted,

*/s/ Jeremy W. Dutra*
Jeremy W. Dutra
jeremy.dutra@squirepb.com
Peter J. Koenig
peter.koenig@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

*Counsel for Teh Fong Min (TFM)*
*International Co, Ltd.*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Circuit Rule 32(b)(1) because it contains 736 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

*/s/ Jeremy W. Dutra*
Jeremy W. Dutra

# ADDENDUM

Slip Op. 24-61

## UNITED STATES
## COURT OF INTERNATIONAL TRADE

### Court No. 22-00354

ARCHROMA U.S., INC.,

*Plaintiff*,

v.

UNITED STATES DEPARTMENT OF COMMERCE
and
UNITED STATES INTERNATIONAL TRADE
COMMISSION,

*Defendants*,

and

TEH FONG MIN INTERNATIONAL CO. LTD.,

*Defendant-Intervenor*.

Before: M. Miller Baker, Judge

### OPINION

[The court grants Plaintiff's motion for judgment on the agency record, holds that 19 C.F.R. § 351.218(d)(1) violates 19 U.S.C. § 1675(c), and orders Defendants to undertake full sunset reviews with Plaintiff's participation.]

Dated: May 28, 2024

*Christopher D. Cazenave*, Jones Walker LLP, New Orleans, LA, on the briefs for Plaintiff.

Ct. No. 22-00354                                    **Page 2**

*Brian M. Boynton*, Principal Deputy Assistant Attorney General; *Patricia M. McCarthy*, Director; *Franklin E. White, Jr.*, Assistant Director; and *Geoffrey M. Long*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, on the brief for Defendant U.S. Department of Commerce. Of counsel on the brief was *Ayat Mujais*, Senior Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, Washington, DC.

*Dominic L. Bianchi*, General Counsel; *Andrea C. Casson*, Assistant General Counsel for Litigation; and *Henry N.L. Smith*, Attorney-Advisor, Office of the General Counsel, U.S. International Trade Commission, Washington, DC, on the brief for Defendant U.S. International Trade Commission.

*Peter Koenig*, Squire Patton Boggs (US) LLP, Washington, DC, on the brief for Defendant-Intervenor.

*Baker*, Judge: Although federal agencies may last forever, *see* Ronald Reagan, *A Time for Choosing* (Oct. 27, 1964) ("[A] government bureau is the nearest thing to eternal life we'll ever see on this earth."),[1] antidumping and countervailing duty orders mercifully don't. Such decrees generally sunset after five years unless a domestic interested party timely responds to the Commerce Department's warning of the pending

---

[1]    Available at https://www.reaganlibrary.gov/reagans/ronald-reagan/time-choosing-speech-october-27-1964.

lapse by submitting certain information prescribed by
statute. Receiving such material requires the agency
to determine whether to continue the tariff.

In this case, Commerce announced that two anti-
dumping orders were soon due for sunset reviews. A
domestic producer missed—by six days—a 15-day reg-
ulatory deadline to file a "notice of intent to partici-
pate" in any reviews but *met* the regulation's later cut-
off to file "substantive responses" with the statutorily
required content. The Department nevertheless re-
fused to consider those submissions and instead per-
emptorily revoked the decrees because of the com-
pany's tardy notice of intent. The producer then sued.

The court holds that the regulation contradicts the
statute. Commerce may not cancel an antidumping or
countervailing duty order or bar domestic interested
parties from taking part in a five-year review without
first letting them submit the content dictated by Con-
gress. The Department must accept the producer's
timely substantive responses and undertake (together
with the International Trade Commission) full sunset
reviews with the company's participation.

## I

Subject to certain limited exceptions not relevant
here, the Tariff Act of 1930, as amended, directs that
Commerce and the Commission each undertake a
"five-year review" of antidumping and countervailing
duty orders, *see* 19 U.S.C. § 1675(c), commonly known

Ct. No. 22-00354                                    **Page 4**

as a "sunset review," *see* 19 C.F.R. § 351.218(a). In
most cases, the statute requires an initial sunset re-
view five years "after the date of publication" of an an-
tidumping or countervailing duty order. 19 U.S.C.
§ 1675(c)(1)(A).[2] If both agencies determine that the
order should remain in force, the statute mandates
that subsequent sunset reviews take place every five
years "after the date of publication of . . . a determina-
tion under this section to continue an order." *Id.*
§ 1675(c)(1)(C).[3]

    As to both initial and subsequent sunset reviews,
the statute directs the Department to publish "a notice
of initiation" "[n]ot later than 30 days before the fifth
anniversary of the date described in [§ 1675(c)(1)]."

---

[2] As to certain countervailing duty orders, the trigger date
for an initial sunset review is different. *See* 19 U.S.C.
§ 1675(c)(1)(A)–(B).

[3] Commerce construes a "determination under this section
to continue an order" as meaning the Commission's deter-
mination to keep the antidumping duty order in effect. *See*
19 C.F.R. § 351.218(c)(2) ("In the case of an order . . . that
is continued following a sunset review . . ., no later than 30
days before the fifth anniversary of the date of the last de-
termination by the Commission to continue the order . . .,
the Secretary will publish a notice of initiation of a sunset
review . . . .").

Ct. No. 22-00354                                    **Page 5**

*Id.* § 1675(c)(2).[4] This notice must instruct domestic "interested parties"[5] to submit

> (A) a statement expressing their willingness to participate in the review by providing information requested by [Commerce] and the Commission,

> (B) a statement regarding the likely effects of revocation of the order or termination of the suspended investigation, and

> (C) such other information or industry data as [Commerce] or the Commission may specify.

19 U.S.C. § 1675(c)(2).

A timely submission to the Department providing the content mandated by § 1675(c)(2) is critical because if "no [domestic] interested party responds to the notice of initiation under this subsection," Commerce "shall . . . revok[e] the order" in what amounts to an

---

[4] The Commission explains that in practice it publishes its own companion "notice of institution" the same day the Department issues a notice of initiation "because the statute contemplates simultaneous five-year reviews by both agencies." ECF 39, at 8 n.1.

[5] *See* 19 U.S.C. § 1675(c)(3)(A) (defining "interested party" for "purposes of this paragraph" as various domestic entities described in 19 U.S.C. § 1677(9)(C)–(G)).

administrative default judgment. *Id.* § 1675(c)(3)(A).[6]
Essentially, the statute requires such parties to speak
up in support of continuing a duty order or forever hold
their peace.[7]

Although § 1675(c)(2) dictates the information that
domestic interested parties must provide to prevent a
duty order's demise, the statute does not speak to
*when* such a submission is due. Stepping into the
breach, the Department imposes two separate dead-
lines through regulation.

The first, and earlier, deadline requires that a do-
mestic interested party wishing to participate in a
sunset review file a "notice of intent to participate" no
later than 15 days after Commerce publishes the no-

---

[6] The court expresses no view on whether § 1675(c)(3)(A)
permits Commerce to revoke a duty order when an inter-
ested party fails to respond to the *Commission's* notice of
institution of a sunset review. *See above* note 4.

[7] If a domestic interested party does respond to a notice of
initiation under § 1675(c), the Department must consider
whether, if the order were revoked, "dumping or a counter-
vailable subsidy, as the case may be, would be likely to con-
tinue or recur." 19 U.S.C. § 1675(d)(2)(A). The Commission
must do the same as to material injury. *See id.*
§ 1675(d)(2)(B). If the party submits "inadequate" re-
sponses to Commerce or the Commission, *id.*
§ 1675(c)(3)(B), either agency "may issue, without further
investigation, a final determination based on the facts
available [under 19 U.S.C. § 1677e]," *id.*

Ct. No. 22-00354                                    **Page 7**

tice of initiation. 19 C.F.R. § 351.218(d)(1)(i).[8] An en-
tity that fails to do so "will be considered not willing to
participate in the review and the [Department] will
not accept or consider any unsolicited submissions
from that party during the course of the review." *Id.*
§ 351.218(d)(1)(iii)(A). "If no domestic interested party
files a notice," *id.* § 351.218(d)(1)(iii)(B), Commerce
will "[c]onclude that no [such] party has responded to
the notice of initiation under [the statute]," *id.*
§ 351.218(d)(1)(iii)(B)(1), and "revok[e] the order," *id.*
§ 351.218(d)(1)(iii)(B)(3).

The second, and later, deadline requires any inter-
ested party—not just domestic entities—to submit a
"complete *substantive* response" not later than 30 days
after publication of a notice of initiation.
*Id.* § 351.218(d)(3)(i) (emphasis added). As relevant
here, the regulation tracks 19 U.S.C.
§ 1675(c)(2)(A)–(B) word-for-word in prescribing what
that submission must include:

> (E) *A statement expressing the interested party's
> willingness to participate in the review by
> providing information requested by the Depart-
> ment*, which must include a summary of that
> party's historical participation in any segment of

---

[8] Other than a bare-bones statement of the party's "intent
to participate in [the] sunset review," 19 C.F.R.
§ 351.218(d)(1)(ii), the only other required contents in a no-
tice of intent are basic factual details such as the entity's
contact information, *see id.* § 351.218(d)(1)(ii)(A)–(E).

Ct. No. 22-00354                                                    **Page 8**

the proceeding before the Department related to the subject merchandise; [and]

(F) *A statement regarding the likely effects of revocation of the order or termination of the suspended investigation* under review, which must include any factual information, argument, and reason to support such statement . . . .

19 C.F.R. § 351.218(d)(3)(ii) (emphasis added).[9]

---

[9] The Commission has a similar framework for responding to its "notice of institution" of a sunset review. *See id.* § 207.60(d) (defining that term). Within 21 days of such publication, an interested party must file an "entry of appearance" with the agency. *See id.* § 201.11(b)(4). Like Commerce's "notice of intent," the Commission's entry of appearance only requires bare-bones information: "the nature of the person's reason for participating" in the review and an expression of "intent to file briefs with the [agency]." *Id.* § 201.11(a). Unlike the Department, however, the Commission's regulation does not indicate that a failure to make this procedural filing is fatal.

  Reinforcing this apparent difference, the latter's regulation states that all "[r]esponses to the notice of institution shall be submitted to the Commission" within 30 days of publication. *Id.* § 207.61(a). Thus, an "entry of appearance" is *not* a response to such a notice. A response must contain the material specified by 19 U.S.C. § 1675(c)(2)(A)–(B) as well as other data requested by the Commission. *See* 19 C.F.R. § 207.61(b).

Ct. No. 22-00354                                    **Page 9**

## II

This case involves two 2012 antidumping orders on paper-whitening chemicals from Taiwan and China. *See* 77 Fed. Reg. 27,419; 77 Fed. Reg. 27,423. Sunset reviews for both decrees in 2017 led to a "notice of continuation" keeping them in effect. *See* 82 Fed. Reg. 55,990.

On October 3, 2022—ironically, three days *late* under its own regulation,[10] *cf. Luke* 4:23 ("Physician, heal

---

[10] The Commission published its determination to continue the orders on November 1, 2017, *see* 82 Fed. Reg. 50,678, 50,678–79, which meant the Department was required to publish a notice of initiation "*no later than* 30 days before" November 1, 2022, the "fifth anniversary date," 19 C.F.R. § 351.218(c)(2) (emphasis added); *see also above* note 3. Thirty days before that date was October 2, 2022—a Sunday.

 "[W]here a . . . deadline falls on a weekend, federal holiday, or any other day when the Department is closed," Commerce's practice is to treat the "the next business day" as the applicable deadline "consistent with federal practice. *See* Fed. R. Civ. P. 6(a); Fed R. App. P. 26(a)." 70 Fed. Reg. 24,533, 24,533. Under the cited federal rule provisions, "[t]he 'next day' is determined by continuing to count forward when the period is measured after an event *and backward when measured before an event*." Fed. R. Civ P. 6(a)(5) (emphasis added); Fed. R. App. P. 26(a)(5) (same). The deadline established by § 351.218(c)(2) is determined by counting *backward*, so the cutoff moved back from Sunday, October 2, to Friday, September 30. Here, the Department instead erroneously counted *forward* and published the

Ct. No. 22-00354                                    **Page 10**

thyself")—Commerce published a notice of initiation
for new five-year reviews of both orders. *See* 87 Fed.
Reg. 59,779. The Department instructed domestic in-
terested parties to file "notice[s] of intent to partici-
pate" within 15 days (by October 18) and all interested
parties to submit "complete substantive responses"
with statutorily required information within 30 days
(by November 2). *See id.* at 59,780. It also warned that
if the agency did "not receive a notice of intent to par-
ticipate from at least one domestic interested party by
the 15-day deadline," it would "automatically revoke
the [relevant] order without further review." *Id.* (citing
19 C.F.R. § 351.218(d)(1)(iii)).[11]

Although both agencies established the same date
for submitting statutorily required *substantive* infor-
mation—November 2, 2022—their notices set differ-
ent deadlines for the earlier procedural filings. The
Department's cutoff date for a notice of intent (October

_____

notice of initiation on October 3. Because the court resolves
this case on other grounds, it need not consider the effect,
if any, of Commerce's untimely issuance of its notice.

[11] The Commission, meanwhile, published a notice of insti-
tution on the same day as Commerce and directed all in-
terested parties wishing to participate to file entries of ap-
pearance within 21 days (by October 24) and substantive
responses containing statutorily required material within
30 days (by November 2). *See* 87 Fed. Reg. 59,827, 59,827–
28; *see also above* notes 4, 9.

Ct. No. 22-00354                                    **Page 11**

18) was six days earlier than the Commission's (October 24) for an entry of appearance.

That difference is what gives rise to this litigation, because Archroma U.S., Inc.—a domestic producer of the chemical that is the subject of the antidumping duty orders here[12]—appears to have transposed those deadlines. The company (timely) filed its entries of appearance with the Commission on October 12, Appx001304–001305, which was also before *the Department's* deadline for notices of intent. But on October 24—the last day for making its procedural filings *with the Commission*—the company made its pro forma submissions with Commerce, Appx001137–001139, six days late. As the rueful saying goes, mistakes were made.

The Department rejected Archroma's notices of intent as untimely and removed them from the record. Appx001011–001012. No other domestic interested party filed such a notice, so on October 27—before the 30-day deadline to file substantive responses—Commerce notified the Commission that it would revoke the orders. Appx001006–001007; Appx001140–001141.

Archroma nevertheless timely filed substantive responses and requested the Department accept the

---

[12] The company states it is the successor of Clariant Corporation, "the original petitioner in the underlying . . . proceeding that led to the" orders. ECF 35, at 2–3.

Ct. No. 22-00354                                    Page 12

company's untimely notices of intent. Appx001014–001016; *see also* Appx001036 (referring to the responses' barcodes).[13] Commerce denied that request, finding no showing of an "extraordinary circumstance," and rejected the responses. Appx001035–001036. Archroma asked for reconsideration, Appx001038–001056, which the Department also denied, Appx001082–001084.[14]

Commerce then revoked the orders because "no domestic interested party responded to the sunset review notice of initiation by the applicable deadline." 87 Fed. Reg. 80,162, 80,162; Appx001089. Two weeks later, the Commission ended its review, citing Commerce's action. 88 Fed. Reg. 2,374; Appx001295.

### III

Invoking jurisdiction conferred by 28 U.S.C. § 1581(c), *see* ECF 29 (amended complaint), at 2, Archroma brought this suit under 19 U.S.C. § 1516a(a)(1)(D)[15] against the Department and the

---

[13] Archroma also timely submitted substantive responses to the Commission's notice of institution. Appx001263–001293.

[14] In so doing, Commerce erroneously stated that it timely issued the notice of initiation on October 3. *Compare* Appx001083 *and* Appx001083 n.10 *with above* note 10.

[15] This provision gives interested parties who were "party to the proceeding in connection with which the matter arises" a right of action in this court to contest any factual

Ct. No. 22-00354                                          **Page 13**

Commission challenging revocation of the antidumping orders.[16] *See generally* ECF 29. Teh Fong Min International Co. Ltd., a Taiwanese producer and exporter, intervened to support the agencies. ECF 18. Archroma then moved for judgment on the agency record (ECF 35); Commerce (ECF 40), the Commission (ECF 39), and Teh Fong Min (ECF 41, joining the agencies' briefs) opposed. After receiving supplemental briefing from the Department (ECF 51), Archroma (ECF 52), and the Commission (ECF 53),[17] the court decides the motion on the papers.

The parties assert that this case is subject to substantial-evidence review under 19 U.S.C. § 1516a(b)(1)(B)(i). *See* ECF 35, at 7 (Archroma); ECF 40, at 8 (Commerce); ECF 39, at 5 (the Commission). The court disagrees because this is a § 1516a(a)(1)(D) case. The statute directs that "[t]he court shall hold unlawful any determination, finding, or conclusion found—. . . *in an action brought under paragraph (1)(D) of subsection (a),* to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

---

findings or legal conclusions on which "a final determination by [Commerce] or the Commission under [19 U.S.C. §] 1675(c)(3)" is based.

[16] The company concurrently sought a preliminary injunction keeping the orders effective pending this litigation, ECF 7, to which Commerce consented, *see* ECF 8.

[17] The court thanks the parties for their helpful supplemental briefing.

Ct. No. 22-00354                                     Page 14

with law." 19 U.S.C. § 1516a(b)(1)(B)(ii) (emphasis added); *see also Neenah Foundry Co. v. United States*, 142 F. Supp. 2d 1008, 1013 (CIT 2001) (thoroughly explaining why arbitrary-and-capricious, rather than substantial-evidence, review applies to agency determinations under 19 U.S.C. § 1675(c)(3)).

IV

Archroma argues that 19 C.F.R. § 351.218(d)(1)(iii)'s 15-day deadline for filing a notice of intent to participate exceeds "Commerce's statutory authority" because it "effectively barred [the company's] opportunity to submit the substantive information required by 19 U.S.C. § 1675(c)(2)." ECF 52, at 3, 5. It asserts that its timely submission of that material "contained all [the] information necessary" under the statute for the Department to undertake full sunset reviews. ECF 35, at 4.

Commerce answers that § 351.218(d)(1)(iii)'s deadline "represents a lawful interpretation of § 1675(c)." ECF 51, at 9. It contends that because the statute fails to define what "constitute[s] 'no response,'" *id.* at 10, "it is reasonable for [the Department] to determine that if a party does not submit a notice of intent to participate . . . then the party has not responded, trigger-

Ct. No. 22-00354                                Page 15

ing the revocation under 19 U.S.C. § 1675(c)(3)[(A)]," *id.*[18]

Commerce errs by reading "no . . . respon[se]" in § 1675(c)(3)(A) in isolation: "Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts." Scalia and Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012). Thus, "the meaning of a statute is to be looked for, not in any single section, but in all the parts together and in their relation to the end in view." *Id.* at 168 (quoting *Panama Refin. Co. v. Ryan*, 293 U.S. 388, 439 (1935) (Cardozo, J., dissenting)).

Applying the whole-text canon of construction resolves this case. Commerce may revoke an antidumping or countervailing duty order only if "no [domestic] interested party responds to the notice of initiation *under this subsection*." 19 U.S.C. § 1675(c)(3)(A) (emphasis added). That subsection's preceding paragraph mandates that such a notice

---

[18] The agency adds that the deadline "promotes administrative efficiency and eliminates needless reviews" by alerting it "whether it will need to conduct a full sunset review, which requires substantial time and resources from the agency." *Id.* at 11.

Ct. No. 22-00354                                      Page 16

request that [domestic] interested parties sub-
mit—

(A) a statement expressing their willingness to
participate in the review by providing infor-
mation requested by [Commerce] and the Com-
mission,

(B) a statement regarding the likely effects of
revocation of the order or termination of the sus-
pended investigation, *and*

(C) such other information or industry data as
[Commerce] or the Commission may specify.

*Id.* § 1675(c)(2) (emphasis added). Reading (c)(2) and
(c)(3) together—that is, in context—it's obvious that
"no . . . respon[se] to the notice of initiation under this
subsection" in § 1675(c)(3)(A) means no answer to a so-
licitation    for    the    substantive    content    that
*§ 1675(c)(2)(A)–(C)* instructs the agency to seek.

It's undisputed that Archroma timely responded to
Commerce's request for substantive material pre-
scribed by § 1675(c)(2)(A)–(C). The statute therefore
obligated the Department to undertake reviews and
allow the company to participate in the ensuing pro-
ceedings.[19] Although Archroma failed to timely submit

---

[19] If a domestic interested party timely submits substantive
information required by the statute, it necessarily follows
that such an entity has a concomitant entitlement to parti-

Ct. No. 22-00354                                    Page 17

a notice of intent to so participate, the statute confers no authority on the agency to revoke a duty order or bar participation based on that omission. Commerce does not contest that the threadbare document it instructed domestic interested parties to file within 15 days did not require any—much less *all*—of the content specified in § 1675(c)(2)(A)–(C).[20] By revoking the orders and barring the company's participation, Commerce jumped the statutory gun.

   The court holds that 19 C.F.R. § 351.218(d)(1) violates 19 U.S.C. § 1675(c)(2)–(3). If Commerce is to

---

cipate in the review. Otherwise, the right to provide the content specified by Congress would be "remarkably hollow." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009).

[20] One might argue—though the Department wisely makes no such contention here—that the "notice of intent to participate" required by 19 C.F.R. § 351.218(d)(1) falls within "such *other information* or industry data as [Commerce] . . . may specify." 19 U.S.C. § 1675(c)(2)(C) (emphasis added). That reading, even if accepted, would still be unavailing because of the conjunction "and" in § 1675(c)(2). Before Commerce may revoke a duty order in a five-year review, it must first afford domestic interested parties an opportunity to submit content specified in subparagraphs (A), (B), *and* (C) in § 1675(c)(2)—that is, *all* such content. *See* Scalia and Garner, *above*, at 116 (explaining that where a "conjunctive list" prescribes that "You must do A, B, and C," "all three things are required"). So even if § 351.218(d)(1) is read to request content encompassed by § 1675(c)(2)(C), it still does not seek material prescribed by § 1675(c)(2)(A) and (B) and therefore violates the statute.

Ct. No. 22-00354                                           **Page 18**

revoke a duty order and/or bar a domestic interested
party's participation in any sunset review, it must first
afford that party the opportunity to submit all the con-
tent prescribed by 19 U.S.C. § 1675(c)(2)(A)–(C). The
regulation extinguishes that statutory right if, as here,
such an entity fails to timely file a notice of intent. The
court therefore grants Archroma's motion for judg-
ment on the agency record and enjoins the Depart-
ment to accept the company's substantive responses,[21]
undertake (together with the Commission) full sunset
reviews, and allow the company's participation. A sep-
arate declaratory judgment and injunction will issue.
*See* USCIT R. 58(a).

Dated: May 28, 2024          /s/ *M. Miller Baker*
       New York, NY          M. Miller Baker, Judge

---

[21] After accepting Archroma's substantive responses, the
Department must determine whether they are satisfactory
or "inadequate." *See* 19 U.S.C. § 1675(c)(3)(B); *see also
above* note 7. The court expresses no view on that question,
which the agency did not consider in the first instance.